USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/19/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS RAMIRO AVILES, et al.,<br>　　　　　　　　　　Plaintiffs,<br>　　　　-v-<br>S&P GLOBAL, INC., et al.,<br>　　　　　　　　　　Defendants. | **17-CV-2987 (JPO) (KHP)** |
| FERNANDO RAUL BENEDETTO, et al.,<br>　　　　　　　　　　Plaintiffs,<br>　　　　-v-<br>ATC REALTY FIFTEEN, INC., et al.,<br>　　　　　　　　　　Defendants. | **17-CV-6087 (JPO) (KHP)** |
| HORACIO NESTOR ACEBEDO, et al.,<br>　　　　　　　　　　Plaintiffs,<br>　　　　-v-<br>ATC REALTY FIFTEEN, INC., et al.,　Defendants. | **17-CV-7034 (JPO) (KHP)** |
| FREDERICO ALVAREZ, et al.,<br>　　　　　　　　　　Plaintiffs,<br>　　　　-v-<br>ATC REALTY FIFTEEN, INC., et al.,　Defendants. | **18CV-128 (JPO) (KHP)** |
| HECTOR JORGE ARECO, et al.,<br>　　　　　　　　　　Plaintiffs,<br>　　　　-v-<br>ATC REALTY FIFTEEN, INC., et al.,<br>　　　　　　　　　　Defendants. | **18-CV-2416 (JPO) (KHP)** |

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Consistent with the telephonic case management conference held on April 15, 2021 in the above-captioned matter, the parties are directed and advised as follows:

**Scheduling:**

All fact discovery in this case must be completed by March 31, 2022.  Expert discovery must be completed by June 30, 2022.  Plaintiffs' motion for class certification, if necessary, will be due December 23, 2021, with oppositions due January 28, 2022 and replies due February 18, 2022.

With respect to document production, the Wells-Fargo Defendants and S&P Defendants should strive to substantially complete their production of documents by the previously contemplated April 30, 2021 deadline.  As discussed at the April 15 conference, however, the Court will permit Plaintiffs, the Smith Estate, and Mr. Marcum an additional 30 days – until May 31, 2021 – to substantially complete their respective productions of documents.[1]

With the above-outlined schedule in mind, the parties may schedule depositions as early as June 2021.  Fact depositions must be completed by the March 31, 2022 fact discovery deadline.

**Plaintiffs' Motion to Compel and for a Protective Order:**

Also before the Court is Plaintiffs' motion to compel discovery and to enter a protective order.  (ECF No. 371.)  In short, the motion seeks (1) to compel the Wells-Fargo Defendants to include two individuals – Antonio Com and Dan Norten – in their custodian list; (2) to compel

---

[1] The Court will permit Plaintiffs and the Estate to June 16, 2021 to fully complete production of certain documents, e.g., Spanish and Japanese language documents.

the Wells-Fargo Defendants to employ the search terms "Berlin Atlantic" and "Longevity Group" in their custodial file searches; and (3) a protective order with respect to translating certain additional search terms proposed by the Wells-Fargo Defendants into Spanish and Japanese.

First, the Court finds that the dispute concerning the two custodians is premature for the reasons set forth by the Court at the April 15 case management conference. In short, neither Plaintiffs nor the Wells-Fargo Defendants know the roll Com or Norten played in originating the loan at issue in this case or their knowledge of delinquencies in payment, if any, prior to leaving Wells-Fargo. Of course, the parties will be in a much better position to understand whether these individuals are appropriate custodians, and the time frame within which relevant documents might exist in these individuals' files, once the Smith Estate produces files from the Lifetrade server for the period of time they were employed by Lifetrade. However, at this point Plaintiffs have not demonstrated that searching Com's and/or Norten's files housed at Wells Fargo for the period 2009 and earlier is proportional to the needs of this case. This finding is made without prejudice to Plaintiffs' right to revisit this issue at a later date, after substantial document review has taken place.

Second, the Court also denies, without prejudice, Plaintiffs' request to include "Berlin Atlantic" and "Longevity Group" as search terms in Wells-Fargo's custodial file searches. Discovery pertaining to Berlin Atlantic and the terms of its loan and default are not relevant or proportional to the needs of the case. With respect to "Longevity Group," the Court understands that this term is overbroad and does not relate to the portfolio of insurance policies obtained from Lifetrade after foreclosure on the Lifetrade loan. Thus, discovery on this

group is not relevant or proportional to the needs of the case.

Based on the representations made by counsel on both sides, it is apparent that the parties need additional time to meet and confer on search terms pertinent to Plaintiffs' request for documents, communications, and information pertaining to Wells-Fargo's decision to amalgamate the policies from Lifetrade and other funds into a single portfolio for purposes of administering them, as well as information pertaining to Wells Fargo's decision to decline the offer from the Perella Group to purchase Lifetrade and other insurance policies.[2] The parties need to identify the custodians with documents pertaining to managing the Lifetrade loan, notice of the impending default on that loan, and communications about same, extension of the loan, the general strategy surrounding the loan, its administration of and foreclosure on it, and management of the loan portfolio since foreclosure. They also need to prepare search terms focused on gathering this information.

Third, for the reasons stated by the Court on the record at the April 15 conference, Plaintiffs' request for a protective order is denied. Plaintiffs shall confer with their clients about translating the limited number of terms proposed by Wells-Fargo into Spanish and Japanese. Because Wells-Fargo has insisted on Plaintiffs translating the terms, Wells-Fargo will be precluded from later contesting the translations.

Finally, the parties are directed to the conference transcript for other rulings, directives, and guidance of the Court.

---

[2] The Court understands that policies from the Berlin Atlantic foreclosure were combined with those from Lifetrade and administered together. Thus, some documents pertaining to Berlin Atlantic will necessarily need to be produced so that Lifetrade policies can be differentiated.

**SO ORDERED.**

DATED:   New York, New York
         April 19, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge