USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LUIS RAMIRO AVILES, et al., | Plaintiffs, | 17-CV-2987 (JPO) (KHP) |
| -v- | | |
| S&P GLOBAL, INC., et al., | Defendants. | |
| FERNANDO RAUL BENEDETTO, et al., | Plaintiffs, | 17-CV-6087 (JPO) (KHP) |
| -v- | | |
| ATC REALTY FIFTEEN, INC., et al., | Defendants. | |
| HORACIO NESTOR ACEBEDO, et al., | Plaintiffs, | 17-CV-7034 (JPO) (KHP) |
| -v- | | |
| ATC REALTY FIFTEEN, INC., et al., | Defendants. | |
| FREDERICO ALVAREZ, et al., | Plaintiffs, | 18CV-128 (JPO) (KHP) |
| -v- | | |
| ATC REALTY FIFTEEN, INC., et al., | Defendants. | |
| HECTOR JORGE ARECO, et al., | Plaintiffs, | 18-CV-2416 (JPO) (KHP) |
| -v- | | |
| ATC REALTY FIFTEEN, INC., et al., | Defendants. | |

**ORDER ON INTERROGATORIES**

**KATHARINE H. PARKER, United States Magistrate Judge**

On April 22, 2021 Defendants S&P Global Inc. ("S&P"), John Marcum ("Marcum"), the Estate of Roy G. Smith (the "Estate"), and the Wells Fargo Defendants (collectively, "Defendants") wrote to the Court to raise certain issues pertaining to Plaintiffs' failure to respond to the majority of the interrogatories set forth in Defendants' First Set of Interrogatories (the "Joint Interrogatories"). (ECF No. 403.) Plaintiffs argue that the Joint Interrogatories are improper under the Southern District's Local Rules and inconsistent with this Court's prior discovery orders. Defendants disagree, contend that the Joint interrogatories are the most practical method of obtaining the information sought, and request that the Court compel Plaintiffs to either respond to the Joint Interrogatories within two weeks or move for a protective order.

**BACKGROUND**

Earlier on in this case, Plaintiffs agreed to prioritize responses to five specific interrogatories selected by Defendants to assist the parties in formulating their respective settlement positions. One of the interrogatories selected by S&P was Joint Interrogatory No. 6. To date, approximately 11 of the 74 Plaintiffs asserting claims against S&P have not responded to this Joint Interrogatory.[1] Similarly, the Wells Fargo Defendants selected Joint Interrogatory Nos. 12 and 19 as priority requests for the four Derivative Plaintiffs to answer in preparation for

---

[1] Plaintiffs have explained the delay for some, but not all, of these nonresponding Plaintiffs. For instance, two of the nonresponding Plaintiffs passed away and Plaintiffs' counsel are determining whether legal representatives will be appointed to pursue the decedents' claims in the appropriate foreign jurisdiction.

settlement negotiations. While Wells Fargo concedes that the Derivative Plaintiffs have provided some responses to these two requests, Wells Fargo notes that the Derivative Plaintiffs have yet to verify those responses.

Beyond these specific requests, Defendants also seek to compel Plaintiffs to respond to the other 17 outstanding Joint Interrogatories. Before addressing the remaining Joint Interrogatories, however, the Court will first address Defendants' motion to compel responses to Joint Interrogatory Nos. 6, 12, and 19.

**DISCUSSION**

*I. Applicable Law*

The Federal Rules of Civil Procedure establish the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Rule 26 gives a district court broad discretion . . . to impose limitations or conditions on discovery . . . which extends to granting or denying motions to compel or for protective orders on just terms." *Coty Inc. v. Cosmopolitan Cosmetics, Inc.*, No. 18-cv-11145 (LTS) (SLC), 2020 WL 3317204, at *1 (S.D.N.Y. June 18, 2020) (cleaned up). Furthermore, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012).

Southern District of New York Local Rule 33.3 limits interrogatories at the outset of discovery to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."  Local Civ. R. 33.3(a).  In the middle of discovery, or as discovery progresses, interrogatories seeking information beyond these topics "may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court."  Local Civ. R. 33.3(b).  At the conclusion of discovery, and at least 30 days prior to the discovery cut-off date, parties may serve contention interrogatories unless prohibited by the Court.  Local Civ. R. 33.3(c).

## II. Interrogatory No. 6

Interrogatory No. 6 requests that each plaintiff "identify each publication by S&P upon which You claim to have relied in Your decision to invest in one or more of the Lifetrade Funds."  (ECF No. 403-1.)  More specifically, Joint Interrogatory No. 6 requests: "(a) The title of the specific S&P publication upon which You claim to have relied; (b) The specific statement(s) in the S&P publication upon which You claim to have relied; (c) The date of the S&P publication; and (d) The date on which You claim to have reviewed the S&P publication in connection with Your decision to invest in one or more [of] the Lifetrade Funds."  (*Id.*) Plaintiffs' counsel attributes its delay in securing and producing verified responses to Interrogatory No. 6 for certain individual Plaintiffs to logistical difficulties presented by the

COVID-19 pandemic, scheduling complications, and a lack of documentation to verify the responses. That said, Plaintiffs represent that they expect to be able to provide further clarification "in the coming weeks." (ECF No. 405 at 2-3.)

The Court notes that these interrogatories were served back on September 4, 2020. Indeed, the primary purpose for prioritizing responses to certain of the Joint Interrogatories was to streamline the exchange of information that might aid the parties in their October 2020 settlement discussions. Now, some seven months later, S&P still lacks basic information necessary to fully formulate its defenses and to establish a firm settlement position. Moreover, interrogatory responses are a highly efficient mechanism to obtain the simple information sought in Joint Interrogatory No. 6—*i.e.*, the S&P statement each plaintiff allegedly reviewed and detrimentally relied on in investing in the Lifetrade Funds. Accordingly, Plaintiffs must provide verified answers to Joint Interrogatory No. 6 to S&P by no later than **June 10, 2021**. However, to the extent that any of the individual Plaintiffs are unable to specify the exact date they reviewed the S&P publication identified in their response to Joint Interrogatory No. 6, Plaintiffs will be permitted to provide an approximate date.

To the extent that Plaintiffs are unable to confirm whether the claims of Plaintiffs Varde, Etala, Barrionuevo, and Zapata are timely before the June 10, 2021 deadline, this Court will recommend that those individual Plaintiffs be dismissed from the case.

Finally, and as noted at the May 11, 2021 case management conference, Plaintiffs must provide Defendants with an update as to whether representatives for the recently deceased named Plaintiffs plan to maintain their claims in this action by no later than **May 25, 2021**.

### III. Derivative Plaintiff Priority Interrogatories

Joint Interrogatory No. 12 requests that each Derivative Plaintiff state: "(a) The amount of damages allegedly suffered by each Fund as a result of each claim alleged against each Defendant against whom You assert claims on a derivative basis; (b) Each category of damages alleged in Interrogatory No. 12(a), e.g., without limitation, compensatory, loss of bargain, punitive, etc.; and (c) The methodology used to compute each category of damages alleged against that Defendant." (ECF No. 403-1.) Plaintiffs view Joint Interrogatory No. 12 as an improper contention interrogatory at this phase of the case. To be sure, given that fact discovery is not set to close in this case until March 2022, contention interrogatories would be improper at this stage unless otherwise sanctioned by the Court.

Joint Interrogatory No. 12, however, is a proper interrogatory under Local Rule 33.3(a). It merely seeks Plaintiffs' damages totals and the accompanying calculations to justify those totals. This is precisely the sort of information typically exchanged through interrogatory responses, as expressly contemplated by Local Rule 33.3. Accordingly, the Derivative Plaintiffs must provide verified responses to Joint Interrogatory No. 12 by the **June 10, 2021** deadline referenced above.

Joint Interrogatory No. 19, on the other hand, requests that each Derivative Plaintiff "identify the applicable law You contend provides a basis to assert the claim derivatively and describe the steps, if any, taken by each Derivative Plaintiff to comply with the procedures under any applicable law with respect to commencing derivative shareholder actions prior to filing this Action." (ECF No. 403-1.) Interrogatory No. 19 is plainly beyond the scope of Local

Rule 33.3(a) as it does not seek names of knowledgeable witnesses, information directly related to the computation of damages, nor the location or a general description of relevant documents. Nor is it properly propounded pursuant to Local Rule 33.3(c) given that fact discovery in this case is not set to close until March 31, 2022. Therefore, this Joint Interrogatory is only proper if it is a more practical method of obtaining the information sought than a request for production or a deposition. Here, I find that the specific information sought would be more easily acquired through document requests, depositions, and legal briefing. Wells Fargo has already represented to the Court that it intends to depose all four Derivative Plaintiffs. At those depositions Wells Fargo will be able to inquire about any pre-litigation demands made upon the relevant funds, any requests for judicial or regulatory permission to bring derivative claims, and other related, relatively complex inquiries. Moreover, the Derivative Plaintiffs will produce documents that will, at least in part, address these questions or, alternatively, report that no such documents exist. Accordingly, the Court will not compel Plaintiffs to respond to Joint Interrogatory No. 19 at this juncture.

### IV. *Remaining Joint Interrogatories*

Defendants have informed the Court that Plaintiffs have otherwise not provided written responses or objections to most of the remaining Joint Interrogatories, which were served on Plaintiffs on September 4, 2020.

Because there are dozens of Plaintiffs in this case – both derivative and individual –and the parties span multiple continents, it is particularly difficult to ensure that information is exchanged efficiently in discovery. Moreover, the Plaintiffs primarily speak Spanish and

Japanese; thus, translating documents and deposition testimony may prove expensive and burdensome if Defendants were to depose all 74 named Plaintiffs.  Therefore, the Court is of the view that interrogatories are an effective tool to facilitate the efficient exchange of certain information between the parties.  Indeed, to the extent that the proposed Joint Interrogatories request the same information from all of the individual Plaintiffs, Plaintiffs' verified responses will obviate the need for numerous depositions and/or significantly narrow the scope of necessary depositions.  To that end, the Court will preclude Defendants from asking questions at individual Plaintiff's depositions that cover issues and questions already addressed in any Joint Interrogatory responses that the individual Plaintiff previously provided.  This will encourage comprehensive disclosures from Plaintiffs in responding to the Joint Interrogatories and, as noted, will limit or completely eliminate the need for certain depositions, which will save the parties substantial time and money.  For the avoidance of doubt, the Court also notes that to the extent Defendants need to ask some questions about topics already addressed in the Joint Interrogatories to clarify an ambiguous or incomplete response from a particular Plaintiff, that will be permitted.  **However, no more interrogatories will be permitted in this case, contention or otherwise, given the number of questions being permitted now.**

Moving to the remaining Joint Interrogatories, Plaintiffs generally assert that many of the Joint Interrogatories are improper because they seek factual information and/or information more appropriately disclosed during expert discovery.  However, Federal Rule of Civil Procedure 33 explicitly provides that interrogatories are governed by the relevance and proportionality considerations embedded in Rule 26(b) and that an "interrogatory is not

objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Thus, Defendants' Joint Interrogatories are not per se invalid merely because they pursue factual information. Under Local Rule 33.3(b), such interrogatories are permitted at this stage of discovery if they are an efficient method to obtain the information sought given the unique circumstances of this case.

Having reviewed all of the Joint Interrogatories propounded by Defendants, the Court finds that Joint Interrogatory Nos. 1, 2, 3, 4, 6, 10, 11, 12, 15, 16, 17, and 20 are proper and that Plaintiffs must provide verified answers to those interrogatories by **July 12, 2021**, except that the priority interrogatories must be answered by **June 10, 2021**, as noted above.[2] Each of these Joint Interrogatories requests information that falls within the type of information designated for interrogatories under Local Rule 33.3(a) or information that can be more efficiently obtained through interrogatories than depositions or document requests, pursuant to Local Rule 33.3(b). Furthermore, the responses will limit the scope of future depositions and may obviate the need for certain depositions altogether.

Moving on, the Court finds that some of the remaining Joint Interrogatories not covered in the list above should be narrowed and/or modified. Plaintiffs must provide responses to the following Joint Interrogatories, as modified by the Court below, by **July 12, 2021**.

Joint Interrogatory No. 5:

"For each Plaintiff personally identified in Interrogatory No. 1, identify every Fund

---

[2] Joint Interrogatory No. 11 should be slightly revised to refer to "Derivative Plaintiff" instead of "Class Plaintiff" in the initial prompt. Further, as noted above, to the extent that any of the individual Plaintiffs are unable to specify the exact date they reviewed the S&P publication identified in their response to Joint Interrogatory No. 6, Plaintiffs will be permitted to provide an approximate date.

shareholder meeting attended, including but not limited to the May 17, 2012 special shareholder meeting."

Joint Interrogatory No. 13:

"For each Plaintiff, did You review a Lifetrade prospectus with respect to any Lifetrade Funds, yes or no? If no, state: (a) who told You information about the Lifetrade Fund before You invested; and (b) when did that occur?"

Joint Interrogatory No. 14:

"Identify each Plaintiff who personally reviewed a Lifetrade prospectus with respect to any Lifetrade Funds upon which You claim to have relied in Your decision to invest in any of the Lifetrade Funds. For purposes of this interrogatory, "Identify" shall mean to specify (a) the name of the Plaintiff, (b) the date/version of each prospectus reviewed by the Plaintiff, (c) from whom the prospectus was received by the Plaintiff, and (d) the date You claim to have reviewed the prospectus in connection with Your decision to invest in any of the Lifetrade Funds."

Finally, the last category of Joint Interrogatories are those that the Court finds to be improper because they seek information that will be more efficiently obtained through document requests and depositions. These include Joint Interrogatory Nos. 7, 8, 9, 18, and 19. Defendants will obtain the information sought in many of these requests – such as sources of funding available to the Lifetrade Funds prior to the settlement agreement with Wells Fargo and the attempts made by the Lifetrade Funds to obtain that funding – through document discovery and depositions. These requests are also improper because they are cumbersome and, therefore, are not conducive to simple interrogatory responses. *E*Trade Fin. Corp. v.*

10

*Deutsche Bank, AG*, No. 05-cv-902 (RWS), 2006 WL 3267267, at *1 (S.D.N.Y. Nov. 13, 2006) (interrogatories are more practical and efficient where the information sought can be provided by short, simple responses and do not require long narrative responses).

## CONCLUSION

For the reasons set forth above, Defendants' application to compel Plaintiffs to respond to the Joint Interrogatories is GRANTED in part and DENIED in part. Plaintiffs must provide the verified responses to the priority Joint Interrogatories by no later than June 10, 2021. Plaintiffs must provide verified responses to the remaining Joint Interrogatories by July 12, 2021. No further interrogatories will be permitted in this case.

**SO ORDERED.**

DATED:    New York, New York
              May 12, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge