USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS RAMIRO AVILES, et al.,<br><br>         Plaintiffs,<br><br>  -against-<br><br>S&P GLOBAL, INC., et al.,<br><br>         Defendants. | 17-CV-2987 (JPO) (KHP) |
| HORACIO NESTOR ACEBEDO, et al.,<br><br>         Plaintiffs,<br><br>  -against-<br><br>ATC REALTY FIFTEEN, INC., et al.,<br><br>         Defendants. | 17-CV-7034 (JPO) (KHP) |

ORDER SUBSTITUTING PLAINTIFFS

**KATHARINE H. PARKER, United States Magistrate Judge**

Presently before the Court are Plaintiffs' counsel's motion to substitute plaintiffs pursuant to Federal Rule of Civil Procedure 25 ("Rule 25").  (ECF Nos. 531-32, 531-34.)  Two individual plaintiffs, Fraida Kahan and Saul Raznoszczyk died during the pendency of this action.[1]  Plaintiffs' counsel request substituting Horacio Grinberg for Kahan, because he is her sole and universal heir and executor of her estate.  They request substituting Raquel Silvia

---

[1] Fraida Kahan was a named plaintiff in the first-filed complaint in this consolidated action, *Aviles et. al.* v. *S&P Global, Inc. et. al.*, 17-cv-02987; Saul Raznoszczyk was a named plaintiff in the related action, *Acebedo et. al.* v. *ATC Realty Fifteen, Inc. et. al.*, 17-cv-07034.

Zaifrani for Raznoszczyk, because she is his surviving spouse and heir.

Rule 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). When determining a motion for substitution under Rule 25, courts consider the timeliness of the motion; whether the claims survive the decedent's death; and whether the proposed substitute for the decedent is a proper party. *Wagley v. JPMorgan Chase Bank, N.A. as trustee of Mary Penney Wagley Irrevocable Tr.*, 2021 WL 1406001, at *1 (S.D.N.Y. Apr. 13, 2021).

Defendants S&P Global ("S&P") and Robert A. Ruppenthal, as the Administrator of the Estate of Roy G. Smith (the "Smith Estate") object to the motion on the grounds that Plaintiffs failed to meet their burden to show that proposed substitutes are "proper parties" and that the claims survive Kahan's and Raznoszczyk's deaths. (ECF Nos. 550-51.) Both sides agree that Argentinian law applies to answer these because the decedents were citizens of Argentina and this is a diversity action. *See Off. Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, 2017 WL 9485707, at *3 (E.D.N.Y. Aug. 3, 2017) (R. & R), *adopted by*, *Off. Comm. of Unsecured Creditors of Exeter Holding, Ltd. v. Haltman*, 2017 WL 3981299 (E.D.N.Y. Sept. 11, 2017).

Turning to the first question, "a proper party for substitution is either (1) a successor of the deceased party [—] a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party [—] a person lawfully designated by state authority to represent the deceased's estate." *Lai Yoong Low* v. *Tian Yu Inc.*, 2015 WL 1011699, at *3 (S.D.N.Y. Mar. 9,

2015). *See also Worrell v. Colvin*, 2013 WL 3364373, at *2 (E.D.N.Y. 2013) ("Either a 'representative of the deceased party's estate' or a 'successor of the deceased party' may be substituted for a plaintiff who has passed away") (internal citations omitted).

Plaintiffs' Argentine counsel, Alejandro Capilla, submitted a declaration, stating that Argentine law recognizes Grinberg as an appropriate person to represent Kahan's interests and providing citations to Argentine law.[2] (Affidavit of Alejandro Capilla ¶ 11 (ECF No. 557) ("Capilla Aff.")). Plaintiffs also provided a copy of Kahan's will naming Grinberg as her sole and universal heir and executor, as well as a copy of an Argentine Court's declaration of the validity of the will as of July 5, 2021. (Capilla Aff. Ex. A). Based on these submissions, Grinberg is an appropriate party to represent Kahan's interests under Argentine law and he therefore also qualifies as a "successor and representative" of Kahan for purposes of Rule 25.

Capilla also attests that under Argentine law, a declaration of heirs is the equivalent of a will. (Capilla Aff. ¶¶ 7, 9). He also attests that under Argentine law, an heir may litigate a decedent's former legal claims as the decedent's successor. (Capilla Aff. ¶¶ 10-11). Plaintiffs also provided the Court with a copy of Raznoszczyk's declaration of heirs confirming that Zaifrani is his widow and heir. (Capilla Aff. Ex. A). Based on these submissions, Zaifrani is an appropriate party to represent Raznoszczyk's interests under Argentine law and she therefore also qualifies as a "successor and representative" of Kahan for purposes of Rule 25.

---

[2] Notwithstanding Capilla's role as foreign counsel in this case, the Court finds his qualifications and declaration sufficient to provide a basis for determining Argentinian law on the subjects at issue. See, e.g., *Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998); *Bigio v. The Coca Cola Co.*, 2010 WL 3377503 at * 4 (S.D.N.Y. 2010), *aff'd*, 675 F.3d 163 (2d Cir. 2012), *cert. denied*, 568 U.S. 1138 (2013).

Turning to the second issue—whether decedents' claims survive their death—Plaintiffs point to the declaration of Capilla again.[3] Capilla attests that under Argentina's Civil and Commercial Code, all judicial transactions are transferable to a decedent's heirs unless expressly provided otherwise in another legal provision. (Capilla Aff. ¶ 5). Capilla also attests that there are no specific legal provisions stating that the claims decedents asserted in this action are not transferrable. (Capilla Aff. ¶ 12). Based on this, Plaintiffs have satisfied their burden to demonstrate that the claims survive the decedents' deaths for purposes of Rule 25.

Defendants concede the motions were made within 90 days after service of suggestion of death. *See* Defendants' Memorandum of Law in Opposition (ECF No. 550.) To the extent they suggest the Court should nonetheless deny the motions because of the passage of time between decedents' deaths and the filing of the motions, the Court declines the suggestion. The time here was not so great given the number of plaintiffs, the complexities of international communications and international law, especially during the COVID-19 pandemic, and insofar as there is no argument of prejudice, the passage of time here does not warrant denial of the motions.

Accordingly, for the reasons set forth above, Plaintiffs Motions at ECF Nos. 531-32 and 534-35 are GRANTED. The Clerk of Court is respectfully requested to substitute Horacio Grinberg for Plaintiff Fraida Kahan as the representative of her estate in *Aviles v. S&P Global, Inc.*, Case No. 1:17-cv-02987 (JPO-KHP) and to substitute Raquel Silvia Zaifrani for Plaintiff Saul

---

[3] Both Decedents have common law fraud claims against S&P and breach of fiduciary duty claims under New York law against the Smith Estate. They also assert claims under Argentina's consumer protection law and tort law.

Raznoszczyk as the representative of his estate in *Acebedo v. ATC Realty Fifteen, Inc.*, Case No. 1:17-cv-07034(JPO-KHP).

**SO ORDERED.**

DATED:  New York, New York
        October 20, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge