USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS RAMIRO AVILES, et al.,<br><br>  Plaintiffs,<br><br>  -v-<br><br>S&P GLOBAL, INC., et al.,<br>  Defendants. | 17-CV-2987 (JPO) (KHP) |
| FERNANDO RAUL BENEDETTO, et al.,<br><br>  Plaintiffs,<br><br>  -v-<br><br>ATC REALTY FIFTEEN, INC., et al.,<br>  Defendants. | 17-CV-6087 (JPO) (KHP) |
| HORACIO NESTOR ACEBEDO, et al.,<br><br>  Plaintiffs,<br><br>  -v-<br><br>ATC REALTY FIFTEEN, INC., et al.,   Defendants. | 17-CV-7034 (JPO) (KHP) |
| FREDERICO ALVAREZ, et al.,<br><br>  Plaintiffs,<br><br>  -v-<br><br>ATC REALTY FIFTEEN, INC., et al.,   Defendants. | 18-CV-128 (JPO) (KHP) |
| HECTOR JORGE ARECO, et al.,<br><br>  Plaintiffs,<br><br>  -v-<br><br>ATC REALTY FIFTEEN, INC., et al.,<br>  Defendants. | 18-CV-2416 (JPO) (KHP) |

**OPINION AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge**

Defendants Wells Fargo and S&P Global Inc. ("S&P") have moved to compel production of an unredacted copy of the settlement agreement between Plaintiff and now dismissed Defendant Marcum. (ECF Nos. 520-21). The settlement agreement was reached after a settlement conference before this Court. Defendants have offered to treat the agreement as "highly confidential" under the Protective Order issued by this Court on December 2, 2019 at ECF No. 223.

Defendants are particularly interested in seeing the full text of the "cooperation" provision in the agreement because Marcum, who has significant personal knowledge about certain transactions at the heart of Plaintiffs' claims, agreed to cooperate with Plaintiffs in their prosecution of claims against Wells Fargo and S&P in exchange for dismissal of the claims against him personally. In other words, Marcum turned from a defendant into a cooperator. Plaintiff has asserted that the work-product doctrine protects the redacted portions of the agreement from disclosure as does Federal Rule of Evidence 408 ("Rule 408").

## BACKGROUND

Marcum is a key fact witness in this case. Marcum, an experienced fund advisor, was a principle of Marcum Associates, LLC and performed work for Lifetrade Management in connection with its management of the Lifetrade Funds. According to the complaint, Marcum, together with Lifetrade CEO Roy Smith and S&P, solicited investment in the Lifetrade Funds while hiding certain payments to entities controlled by Smith and/or Marcum and mismanaging the Lifetrade Funds. (*See* Fourth Amended Complaint, ECF No. 290.) The Plaintiffs also claim they were misled into believing their investment was safe and highly rated by S&P when in fact

the investment was not as represented. Ultimately, Lifetrade was unable to pay down debt and entered into a settlement with its creditor resulting in the transfer of Lifetrade's assets to a Wells Fargo subsidiary, causing Plaintiffs to lose their investments. Marcum allegedly met with investor representatives to give them false reassurances about Lifetrade's refinancing efforts even after Lifetrade's assets had been surrendered to Wells Fargo. The Court assumes familiarity with the facts and thus does not further elaborate on the factual assertions.[1]

## DISCUSSION

### 1. Rule 408

Rule 408 does not provide a basis for withholding the agreement. The rule bars admission of settlement communications and agreements into evidence for certain purposes. It does not bar discovery of settlement agreements that are otherwise relevant to a dispute. *See Ferguson v. Ruane Cunniff & Goldfarb Inc.*, 2020 WL 4586800, at *3 (S.D.N.Y. Aug. 10, 2020) (permitting discovery of confidential settlement agreement between former plaintiffs and defendant in the case); *Small v. Nobel Biocare USA, LLC*, 808 F.Supp.2d 584, 586 (S.D.N.Y. 2011) (holding that Rule 408 does not apply to discovery and compelling disclosure of settlement agreement); Fed. R. Civ. P. 26(b)(1) (permitting discovery of nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case).

Plaintiff's reliance on *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003) is misplaced. That case is not controlling in this Circuit and is distinguishable in any event insofar as it did not involve discovery of a written agreement or bear on alleged

---

[1] For a full recitation of the facts see *Ramiro Aviles v. S & P Glob., Inc.*, 380 F. Supp. 3d 221, (S.D.N.Y. 2019).

bias of a witness, among other reasons. Cases within this Circuit decline to recognize a privilege that would preclude discovery of settlements or settlement negotiations. See *Small*, 808 F.Supp.2d at 591; *Brown* v. *Northridge Construction Corp.*, 2021 WL 3540241, at *1 (E.D.N.Y. July 2, 2021); *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, 2016 WL 4703656, at *6-7 (E.D.N.Y. Sept. 7, 2016).

### 2. *Work Product Doctrine*

Federal Rule of Civil Procedure 26(b)(3) provides that documents and tangible things prepared by a party or its representative in anticipation of or because of existing litigation are protected under the work product doctrine. Fed. R. Civ. P 26(b)(3)(A); *Welland v. Trainer,* 2001 WL 1154666, at *2 (S.D.N.Y. Oct. 1, 2001); *see also Hickman v. Taylor,* 329 U.S. 495 (1947) (establishing and articulating application of the work product doctrine). "[T]he doctrine is not satisfied merely by a showing that the material was prepared at the behest of a lawyer or was provided to a lawyer. Rather the materials must result from the conduct of 'investigative or analytical tasks to aid counsel in preparing for litigation.'" *In re Symbol Techs., Inc. Sec. Litig.*, 2017 WL 1233842 at *8 (E.D.N.Y. Mar. 31, 2017) (quoting *Wultz v. Bank of China Ltd.,* 304 F.R.D. 384, 393-94 (S.D.N.Y. 2015)). Thus, a court must determine if the materials "'would have been prepared in essentially similar form irrespective of the litigation.'" *Id*. (quoting *Allied Irish Banks v. Bank of Am., N.A.*, 240 F.R.D. 96, 106 (S.D.N.Y. 2007); *Clarke v. J.P. Morgan Chase & Co.*, 2009 WL 970940, at *7 (S.D.N.Y. Apr. 10, 2009).

Work product comes in two forms. Opinion work product consists of the mental impressions, conclusions, opinions and legal theories of an attorney or other representative of a party and is given heightened protection. *In re Grand Jury Subpoena Dated July 6, 2005*, 510

F.3d 180, 183-84 (2d Cir. 2007).  Fact work product consists of factual material, including the results of a factual investigation.  *Id.*  This latter type of work product is subject to disclosure upon a showing of substantial need and an inability to obtain the equivalent without undue hardship.  *Upjohn Co. v. United States,* 449 U.S. 383, 400 (1981); *Hickman*, 329 U.S. at 511; *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d at 183-84; *United States v. Adlman*, 134 F.3d, 1194, 1204 (2d Cir. 1998).

Courts in the Second Circuit have held that "[a] substantial need exists 'where the information sought is "essential" to the party's defense, is "crucial" to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative value on contested issues.'"  *Gucci Am., Inc. v. Guess, Inc.*, 271 F.R.D. 58, 74–75 (S.D.N.Y. 2010) (quoting *Nat'l Cong. for Puerto Rican Rights v. City of New York*, 194 F.R.D. 105, 110 (S.D.N.Y. 2000)).  The documents must "have a unique value apart from those already in the movant's possession[.]"  *FTC v. Boehringer Ingelheim Pharm., Inc.*, 778 F.3d 142, 155 (D.C. Cir. 2015).  Disclosure is warranted only when the moving party makes a strong showing of the relevance and importance of the fact work product and that "it is likely to be significantly more difficult, time-consuming or expensive to obtain the information from another source."  *In re Aggrenox Antitrust Litig.*, 2017 WL 5885664, at *15 (D. Conn. Nov. 29, 2017) (internal citations omitted).

Defendants contend that the redacted portions of the agreement are relevant because they bear on potential bias or prejudice of Marcum, who is a material witness in this case and to the extent it reveals information that Marcum will be providing about Defendants to assist Plaintiffs in prosecuting the case.  This Court agrees.  As to the claim that the agreement itself is work product, at least one court in this district has held that settlement documents are not

work product because they end litigation and do not involve an invasion of the lawyers' files. *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1996 WL 71507, at *6 (S.D.N.Y. Feb. 20, 1996).

Although it is true that Marcum is now a cooperating witness, he only became one by virtue of the settlement agreement. And, while discussions between Marcum and Plaintiffs' counsel post-dating the agreement could arguably be subject to the work product doctrine, the agreement itself was negotiated and entered into when the parties were adversaries and thus does not qualify as the type of document protected by the work product doctrine. Much of the redacted information in the agreement simply details the topics on which Marcum may be asked to provide information. All of these topics are things that all parties may inquire about in discovery and do not reveal particular thought processes of counsel. Upon review of the list, the Court is confident that these topics would come as no surprise to Defendants' counsel and are topics about which they also would ask Marcum. Other redacted portions concern items such as the timing of when Marcum will provide information and preparation of an affidavit concerning relevant information about which Marcum has knowledge; a liquidated damages provision; and other provisions that are not particularly relevant. Nor do these other redacted portions reflect attorney thought processes or litigation strategy.

For all these reasons, the Court finds that the redacted information is not protected under the work product doctrine or exempt from production by the Federal Rules of Evidence. Notwithstanding the above, the Court recognizes that the settlement agreement itself has been treated as confidential and finds there is no reason for it to be filed publicly on the docket at this point, as it is not a judicial document and there is no dispute as to its enforceability.

## CONCLUSION

Accordingly, Plaintiffs shall produce the Marcum agreement to Defendants in unredacted form by December 31, 2021.  Defendants shall treat the agreement as "highly confidential" as defined in the Protective Order of this case at ECF No. 223.

**SO ORDERED.**
DATED:  New York, New York
         December 9, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge