**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIFETRADE LITIGATION: <br><br> This Document Relates to: ALL ACTIONS | CIVIL ACTION NO. 1:17-cv-02987 |

**ORDER AND FINAL JUDGMENT AS TO TMF Curacao NV ("Equity Trust")**

This matter came before the Court for hearing on March 21, 2022, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement by and Among Plaintiffs, the Lifetrade Funds, and Equity Trust dated August 4, 2021, and the exhibits thereto (the "Stipulation"). The Court has reviewed and considered all documents, evidence, lack of objections, and arguments presented regarding the Settlement. Good cause appearing therefore, the Court enters this Order and Final Judgment ("Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order hereby incorporates by reference the definitions in the Stipulation and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Equity Trust Stipulation.

2. This Court has jurisdiction to enter this Order and Final Judgement. The Court has jurisdiction over the subject matter of this application and all matters relating thereto, and personal jurisdiction solely with respect to the Settlement over the Settling Parties, Derivative Plaintiffs (individually and derivatively on behalf of the Lifetrade Funds), Settlement Class Members, and all Members of the Class who have not timely and validly requested exclusion.

3. This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, The Lifetrade Funds, and current Lifetrade Fund shareholders, and hereby finally approves the

Settlement in all respects and directs the Settling Parties to perform the terms of the Settlement as set forth in the Stipulation.

4. The Court hereby affirms its findings Order Preliminarily Approving Settlements and Providing for Notice dated December 10, 2021 (the "Preliminary Approval Order"), that for purposes of the Settlements only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court further affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlements only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Action to proceed as a class action on behalf of: All investors, whether individual, corporate or in any form, (i) who invested in one or more of the Lifetrade Funds (including The Lifetrade Fund B.V., LTrade Plus Ltd. and LTrade Fixed Capital (BVI) Ltd.), and/or (ii) their predecessors and successors in interest..

6. The Court finds that the Notice of Pendency of Class Action, Shareholder Derivative Action, and Proposed Settlement, Preliminary Approval Order, Settlement Fairness Hearing and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") was given in accordance with the Preliminary Approval and Scheduling Order entered

on December 10, 2021. The Notice and its form and method of notifying the Settlement Class of the pendency of the action as a class action and a shareholder derivative action, and of the terms and conditions of the proposed Settlement was reasonable, constituted the most practicable notice under the circumstances to current Lifetrade Fund shareholders, complied with the requirements of federal law and due process, and constituted due and sufficient notice of the matters set forth therein to all persons entitled thereto.

7. Pursuant to and in compliance with Rules 23 and 23.1 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to Plaintiffs, individually and derivatively on behalf of the Lifetrade Funds, and Persons who are Settlement Class Members, advising them of the Settlements, of the right to seek exclusion, of Class Counsel's intent to apply for attorney's fees and reimbursement of expenses associated with the Action, of Class Representatives' and Derivative Plaintiffs' intent to seek a compensatory award, and of their right to object thereto, and a full and fair opportunity was accorded to Plaintiffs, individually and derivatively on behalf of the Lifetrade Funds, and Persons who are Settlement Class Members to be heard with respect to the Settlements. Thus, it is hereby determined that all Settlement Class Members, who did not timely and validly elect to exclude themselves by written communication received by the Claims Administrator no later than the date set forth in the Notice and the Preliminary Approval Order are bound by this Order and Final Judgment.

8. Pursuant to and in compliance with Rules 23 and 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests

of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Court finds that the Settling Parties each represents that they have complied fully with the strictures of Fed. R. Civ. P. 11 in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

10. The Court hereby dismisses the Actions with prejudice and without costs to the Settling Parties, except as otherwise provided in the Stipulation.

11. Upon the Effective Date, Plaintiffs (individually and derivatively on behalf of the Lifetrade Funds), Class Representatives, Derivative Plaintiffs, Settlement Class Members, any other current Lifetrade Fund shareholders on behalf of Lifetrade, and Plaintiffs' Counsel shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Parties.

12. Upon the Effective Date hereof, the Settling Parties and each of the Lifetrade Funds' shareholders (solely in their capacity as Lifetrade Fund shareholders) are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons as set forth in and in accordance with the terms of the Stipulation. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

13. Upon the Effective Date, Plaintiffs shall indemnify, defend and hold harmless the Released Parties and the Related Parties for, from and against: (i) any and all actions, causes of action, claims, duties, debts, demands, rights, disputes, suits, matters, damages, losses, obligations,

proceedings, issues, judgments and liabilities of every nature and description whatsoever that any current, prior or future defendant in any of the Consolidated Actions may have or assert against the Released Parties and/or the Related Parties relating in any way to Equity Trust's involvement with any of the Lifetrade Funds, including, without limitation, Unknown Claims and claims for contribution ("Cross Claims"); (ii) the filing or prosecution of any Released Claims. Plaintiffs shall each be jointly and severally liable for their obligations set forth in this paragraph. Each Released Party and Related Party may individually enforce the provisions of this paragraph.

14. Upon the Effective Date, to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against Equity Trust or any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Class Representatives, Derivative Plaintiffs, The Lifetrade Funds, or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the District Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

15. The Court hereby approves the Fee and Expense Award of $1,500,000 in fees and $500,000 in return of disbursements and finds that such fee is fair and reasonable, and directs payment of the Fee and Expense Award in accordance with the terms of the Stipulation.

16. The Court hereby approves the Service Awards of $10,000 for each Class Representative and Derivative Plaintiff to be paid from Plaintiffs' Counsel's Fee and Expense Award in recognition of Plaintiffs' participation and efforts in the prosecution of the Actions.

17. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission or concession of, or evidence of, the validity of any Released Claim or any fault, wrongdoing, or liability of the Defendants; (b) an admission or concession by Plaintiffs or any Lifetrade Fund shareholder of any infirmity in the claims asserted in the Complaints; or (c) an admission or concession of, or evidence of, any fault, wrongdoing, or liability of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, and any of the Settling Parties may file the Stipulation and documents executed pursuant, and in furtherance thereof in any action to enforce the Settlement.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Funds; (c) disposition of the Settlement Funds; (d) hearing and determining Class Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) Class Representatives' request for a

compensatory award; (f) enforcing and administering this Order and Final Judgment; (g) enforcing and administering the Stipulation including any releases executed in connection therewith; and (h) other matters related or ancillary to the foregoing.

19. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

20. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed by the Court.

IT IS SO ORDERED.

Dated: March 21, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge