UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IN RE LIFETRADE LITIGATION:

**OPINION AND ORDER ON MOTION TO SEAL**

**17-CV-2987 (JPO)(KHP)**

----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Plaintiffs have moved to seal certain materials in connection with their motion seeking leave to amend their complaint as to Defendant S&P Global, Inc. (ECF No. 541). Specifically, Plaintiffs wish to seal their memorandum of law (ECF No. 543) and the declaration of Steven Phillips (ECF No. 544.) For the following reasons, Plaintiffs' motion is GRANTED in part and DENIED in part.

## DISCUSSION

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted). A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its

supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id.* (alteration in original) (internal quotation marks and citation omitted). Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

As a threshold matter the documents were filed in connection with a pre-trial motion – Plaintiffs Motion to Amend – thus, they are judicial documents and have a presumptive right of

access. Here, Plaintiffs main concern is that the documents have been designated as confidential between them and S&P and may be commercially sensitive to the parties. Upon the Court's review of the materials sought to be filed under seal, most are not confidential at all. For example, many of the documents are publications made available to the public such as S&P's ratings of the Lifetrade Funds and publications relating to the securitization of life settlement funds. Other materials are internal correspondence that reveal no confidential information and the parties have not provided any additional justification as to why it ought to be shielded from the public. Accordingly, these documents should be made public. However, the same cannot be said to a few documents, namely the Bond Fund Rating Analysis and Management Profile that analyzes the rating criteria (Exhibit O to John Marcum's Declaration) and S&P's letter of October 2005 to Roy Smith that discusses the terms reached when it decided to rate the Lifetrade Funds (Exhibit A to John Marcum's Declaration; Exhibit A to Masyuki Bunya's Declaration; and Exhibit A to Maximo Blaquier's Declaration).

Outside of the two documents identified above, Plaintiffs have not identified any dangers or privacy risks as outlined in *Lugosch* and its progeny. Documents marked confidential in discovery do not automatically warrant filing under seal. *See Dodona I, LLC*, 119 F. Supp. 3d at 155.

## CONCLUSION

Accordingly, Plaintiffs have not demonstrated any countervailing reasons or higher values to overcome the presumptive right of access to judicial documents in regard to their memorandum of law (ECF No. 543) and the declaration of Steven Phillips (ECF No. 544), except

as to Exhibits A and O to John Marcum's Declaration, Exhibit A to Masyuki Bunya's Declaration, and Exhibit A to Maximo Blaquier's Declaration to Phillips' declaration.  Plaintiffs shall file a redacted version of ECF No. 544 consistent with this opinion.  The Clerk of Court is respectfully requested to make ECF No. 543 publicly available and terminate the pending motion at ECF No. 541.

**SO ORDERED.**

Dated: March 31, 2022
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge