```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
   IN RE LIFETRADE LITIGATION:                                        OPINION ON MOTION TO
                                                                             COMPEL

                                                                       17-CV-2987 (JPO)(KHP)
-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The Wells Fargo Defendants[1] and Robert A. Ruppenthal, as Administrator of the Estate of Roy G. Smith ("Smith Estate") have moved to compel Plaintiffs' counsel's communications with HBM Management N.V. ("HBM"), a director of Lifetrade Asset Management N.V., concerning the negotiation of an agreement not to sue HBM and the scope of documents requested for review. (ECF No. 784.) For the reasons below, Defendants' motion is DENIED.

As relevant background, Plaintiffs, investors in three funds, the Lifetrade Fund B.V., L Trade Plus Ltd., and L Trade Fixed Capital (BVI) Ltd. (together, the "Lifetrade Funds"), filed a shareholder derivative claim against the Wells Fargo Defendants asserting they aided and abetted Roy Smith and other fiduciaries to the Lifetrade Funds in breaching their fiduciary duties to the Funds.[2] The heart of the alleged breach was entering into a settlement agreement with Wells Fargo on August 14, 2012 pursuant to which the Lifetrade Funds transferred all of their assets to Wells Fargo to extinguish a debt owed to Wells Fargo. According to Plaintiffs, the assets transferred were worth more than the debt, but the

---

[1] These include Wells Fargo Bank, N.A., Wells Fargo Bank Northwest, N.A. (n/k/a Wells Fargo Trust Company, N.A.), Wells Fargo Delaware Trust Company, N.A., and ATC Realty Fifteen, Inc. ("the Wells Fargo Defendants").
[2] For a fuller recitation of the facts see *Ramiro Aviles v. S & P Glob., Inc.*, 380 F. Supp. 3d 221 (S.D.N.Y. 2019).

fiduciaries nevertheless gave away the assets to avoid personal liabilities as guarantors of the Lifetrade debt.

After initiating suit, Plaintiffs' counsel sought information relevant to this action from HBM, which is not a defendant in this action, but executed the Wells Fargo settlement agreement on behalf of Lifetrade Fund, B.V. and Lifetrade Asset Management, N.V.  To entice HBM to cooperate in providing documents, Plaintiffs entered into an agreement not to sue HBM in exchange for HBM making available certain documents to them.  Plaintiffs' counsel reviewed the documents and collected a subset for use in this litigation.  Plaintiffs then produced the HBM documents they collected to Wells Fargo and the other Defendants in this action.  Plaintiffs also produced the agreement with HBM in which they agreed not to sue HBM.

## DISCUSSION

Defendants argue that Plaintiffs' communications with HBM are critical in evaluating the completeness and fairness of the "selective nature" in which Plaintiffs appear to have "covertly" collected documents from HBM.  They argue that the documents are relevant to the claims against them and their defenses and are not otherwise protected by any privilege.  Plaintiffs argue that Defendants are not entitled to their communications with HBM and characterize their communications with HBM as work product.

Rule 26(b)(1) allows for the discovery of information "relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Proportionality takes into account "the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery

2

in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Defendants' motion falters on the threshold issue of relevance. Defendants suggest that relevance under Rule 26 is so broad to sweep in information that "reasonably could lead to another matter that could bear on, any issue that is or may be in the case," citing *Montesa v. Schwartz*, 2016 WL 3476431, at *4 (S.D.N.Y. June 20, 2016). That decision cited a 1978 case when describing the scope of relevance under Rule 26 that is not applicable after the 2015 amendments to the Rules. Fed. R. Civ. P. 26 (2015 Advisory Committee Notes) (discussing elimination of former language in rule that permitted discovery of information "reasonably calculated to lead to the discovery of admissible evidence"). The Advisory Committee Notes make clear that there is a distinction between information relevant to the subject matter involved in the action and information relevant to the claims and defenses, a distinction first introduced with the 2000 amendment to Rule 26. The latter category is narrower and circumscribes the meaning of "relevant" information for purposes of Rule 26. The 2015 amendments to Rule 26 further circumscribed the scope of discovery by adding the requirement that the information sought be proportional to the needs of the case. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015), *aff'd*, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016); *Russell v. Aid To Developmentally Disabled, Inc.*, 2016 WL 11735375, at *2 (E.D.N.Y. June 14, 2016).

In making this argument, Defendants implicitly acknowledge that communications that Plaintiffs' counsel had with HBM years after the events at issue in this case are not relevant to

3

the claims or defenses.  HBM's communication with Wells Fargo and other fiduciaries of the Lifetrade Funds about the Wells Fargo debt and settlement of the debt are what is relevant.  It is precisely those documents that Plaintiffs sought from HBM and produced to Defendants in this action.  Plaintiffs are not withholding any of the documents they actually obtained from HBM; nor did they withhold their agreement not to sue HBM.  To the extent Defendants seek additional relevant documents from HBM, they are free to seek those documents during discovery.

Even if Plaintiffs' counsel's communication with HBM about obtaining documents were relevant, discovery of these communications is not proportional to the needs of this case, particularly given that the information Wells Fargo seeks is not important to resolving the claims in this matter, no party has better access to the HBM documents than another, and Wells Fargo has sufficient resources to seek additional relevant documents (to the extent they exist) from HBM.

Insofar as the Court finds that the communications are not relevant within the meaning of Rule 26 and, in any event, not proportional to the needs of the case, it need not reach Plaintiffs' dubious argument that the communications with HBM-a non-party and potential adversary are protected work product.[3]  *See Giuffre v. Dershowitz*, 2022 WL 1471032, at *4 (S.D.N.Y. May 10, 2022) (recognizing that where disclosing party and third party to whom disclosure is made do not have aligned interests or common litigation objectives, any work product protection is waived); *Wilson v. Conair Corp.,* 2015 WL 5326206, at *4 (E.D. Cal. Sept.

---

[3] The Court notes that the communications sought are similar to requests that would be made in a Rule 45 subpoena which must be disclosed to an adversary.

11, 2015) ("The court finds that the communication at issue here, which is solely regarding the negotiations between Plaintiff and the third party to address the scope of the subpoenas, does not fall within the work product doctrine.").

For the above reasons, Defendants' motion at ECF No. 784 is DENIED.

**SO ORDERED.**

Dated: August 3, 2022
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge