UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

**IN RE LIFETRADE LITIGATION:**

-----------------------------------------------------------------X

**OPINION AND ORDER**
**17-CV-2987 (JPO)(KHP)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2022

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On July 27, 2022, Wells Fargo Defendants filed a motion for leave to amend to add third party claims against John Marcum and HB Management N.V. ("HBM") and amend its answer. (ECF No. 804.) In support of the motion, Wells Fargo filed an attorney declaration that attached six exhibits. (ECF No. 805.) Wells Fargo moved to file four of these exhibits under seal and the portions of the memorandum that quote from and discuss these exhibits. (ECF No. 802.) In opposition to Wells Fargo's motion, Plaintiffs filed an attorney declaration that attached one exhibit. (ECF No. 819.) Plaintiffs moved to file the exhibit under seal. (ECF No. 817.) Wells Fargo then filed another declaration in further support of its motion that attached four exhibits. (ECF No. 836.) Wells Fargo moved to file one exhibit under seal and the portions of the reply memorandum that discussed or quoted from this and other exhibits filed under seal. (ECF No. 834.) In accordance with the Court's rules, Wells Fargo filed these documents under seal for the Court's review at ECF Nos. 805, 819, and 836. The documents in question are:

- ECF Nos. 805-3, -4: Plaintiffs' settlement agreement with Marcum and HBM, respectively.

- ECF No. 805-5: Lifetrade's announcement dated 2012 stating that HBM would be stepping in as director of Lifetrade Management Company N.V. and Lifetrade Asset Management N.V. after TMF Curacao N.V. resigned.

- ECF No. 805-6: Equity Trust memo dated March 23, 2012 from a third-party contractor to Compliance and Risk regarding Lifetrade Fund B.V.

- ECF No. 819-1: Email between John Marcum and HBM and the Wells Fargo Defendants discussing Wells Fargo's loan.

- ECF No. 836-3: Email between HBM and Lifetrade discussing the terms of the 2012 Settlement Agreement.

For the reasons stated below, the motion at ECF Nos. 802, 817, and 834 are denied.

## LEGAL STANDARDS

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119). Pretrial motions and written documents submitted in connection with them are judicial documents to which the presumption applies. *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013). To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch,* 435 F.3d at 120 (citation omitted).

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, or preservation of attorney-client privilege. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Newsday*, 730 F.3d at 165 (internal quotations omitted). Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

A sealing request is "narrowly tailored" when it seeks to seal *only* that information that needs to be sealed in order to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**ANALYSIS**

The exhibits in question were submitted in support of Defendants' motion for leave to amend and thus they are "judicial documents" to which a presumption of the right of public access attaches. *Newsday*, 730 F.3d at 164. The Plaintiffs and Wells Fargo's main concern is that the documents were designated as confidential, and Plaintiffs further assert that the email between Marcum and HBM and Wells Fargo may be commercially sensitive.

Defendants do not discuss what higher values are implicated by any of the documents, and they fail to point to any particular information that is sensitive. Rather, Defendants make a blanket statement that all six documents are, in their entirety, sensitive and should be sealed.

Upon the Court's review of the materials sought to be filed under seal, the Court finds that most of these documents are internal correspondence that do not reveal confidential information. One of the documents is an announcement to shareholders and service providers of a change in Lifetrade's directors from 2012 that would become public knowledge. Further, two of the documents are emails that do not reveal confidential information but discuss terms of the 2012 Settlement, at a high level, and discuss Lifetrade's request for extension on the Wells Fargo loan. The equity trust memo similarly does not contain any confidential information that has not already been made public or that would outweigh the presumption of public access to judicial documents. The parties have not provided any additional reason that any of these should be sealed. Finally, the settlement agreements are not confidential and were heavily relied on in the motion for leave to amend as to the individuals party to the agreements. *See Bernsten*, 307 F. Supp. 3d at 168-69 (finding that a settlement agreement that was private and contained a confidentiality clause did not overcome the presumption of access to judicial documents.

## CONCLUSION

For the reasons forth above, Defendants' motion to seal at ECF Nos. 802, 817, and 834 are DENIED.

As to the documents filed at **ECF No. 804, Nos. 805-3, -4, -5, and -6, 819, 819-1, 835, and 836-3, the Clerk of the Court is respectfully requested to unseal these documents and terminate the pending motions at ECF Nos. 802, 817, and 834.**

Dated: November 29, 2022
      New York, New York

So ordered,

_____
KATHARINE H. PARKER
United States Magistrate Judge