UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIFETRADE LITIGATION:<br><br>This Document Relates to: ALL ACTIONS | 17-CV-2987 (JPO)<br><br>ORDER ADOPTING<br>REPORT AND RECOMMENDATION |

J. PAUL OETKEN, District Judge:

Before the court is the motion of Defendants Wells Fargo Bank, N.A., Wells Fargo Bank Northwest, N.A., Wells Fargo Delaware Trust Company, N.A., and ATC Realty Fifteen, Inc. ("Wells Fargo Defendants" or "Wells Fargo") for leave to assert third-party claims pursuant to Federal Rules of Civil Procedure 14 and 15 against John Marcum and HB Management, N.V. ("HBM") and to amend their answer. (*See* ECF Nos. 803, 804.) Magistrate Judge Katharine H. Parker subsequently conducted a thorough and careful review and issued a Report and Recommendation on November 21, 2022 (the "Report") granting leave for Wells Fargo to assert third-party claims for contribution against Marcum, recommending that this Court deny the motion as to HBM, and granting the motion to amend the pleading to clarify the 'set-off' defense. (*See* ECF No. 922.) For the reasons that follow, the Court adopts the Report in its entirety.

I.   **Legal Standard**[1]

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Pursuant to Federal Rule of Civil Procedure 72(a)

---

[1] The Court presumes familiarity with the facts and procedural history of the case, as set forth in *Aviles v. S&P Glob., Inc.*, 380 F. Supp. 3d 221, 247–55 (S.D.N.Y. 2019), and the Report (*see* ECF No. 922).

and 28 U.S.C. § 636(b)(1), "[t]he scope of review by the district court on appeal from an order of a magistrate judge depends on whether the order is dispositive or non-dispositive." *Securitas Elec. Sec., Inc. v. DeBon*, No. 20 Civ. 5323, 2022 WL 633874, at *1 (S.D.N.Y. Mar. 4, 2022). A district court's review of a magistrate judge's order on a dispositive matter must be reviewed *de novo* in the face of objection. In reviewing a magistrate judge's order on a non-dipositive matter in the face of an objection, however, a district court may modify or set aside only any portion of the order that is clearly erroneous or contrary to law. *Id.* "The Second Circuit has suggested that a denial of a motion for leave to amend warrants the 'clearly erroneous' standard." *Levy v. Young Adult Inst., Inc.*, No. 13 Civ. 2861, 2016 WL 4402038, at *1 (S.D.N.Y. Aug. 18, 2016) (citing *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007)); *see also Morgan Art Found. Ltd. v. McKenzie*, No. 18 Civ. 4438, 2021 WL 863264, at *1, n.1 (S.D.N.Y. Jan. 22, 2021) ("Since *Fielding*, many courts in this District have applied the clearly erroneous standard to evaluate the denial of leave to amend by a magistrate judge regardless of the grounds for the denial." (internal quotation marks omitted)). But some courts in this district have nonetheless treated motions to amend as dispositive. *See, e.g.*, *Covington v. Kid*, No. 94 Civ. 4234, 1999 WL 9835, at *2 (S.D.N.Y. Jan. 7, 1999) (finding that because a magistrate judge's denial of leave to amend the complaint foreclosed potential claims against defendants, it was dispositive).

**II.   Discussion**

First, there has been no objection to the Report's recommendation that this Court deny Wells Fargo's motion as to HBM. (*See* ECF No. 948.) Having reviewed the Report, the Court agrees and adopts these recommendations as unopposed.

Second, Plaintiffs object to the Report with respect to its conclusion allowing Wells Fargo to re-introduce Marcum, previously a defendant, as a party to this case through impleader. Plaintiffs argue that the Report erred in concluding that allowing Wells Fargo to assert claims

against Marcum would not delay or complicate the case, broaden the scope of disclosure, or prejudice Marcum.  (*See* ECF No. 939.)

Reviewed under a "clear error" standard, Judge Parker's ruling stands.  "A magistrate judge's decision is 'clearly erroneous' only if the district court is left with the definite and firm conviction that a mistake has been committed." *Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361, 2016 WL 236248, at *1 (S.D.N.Y. Jan. 20, 2016) (internal quotation marks omitted).  A decision is contrary to law if it "fails to apply . . . or misapplies relevant statutes, case law, or rules of procedure."  *Golden Horn Shipping Co. Ltd. v. Volans Shipping Co. Ltd.*, No. 14 Civ. 2168, 2015 WL 6684518, at *1 (S.D.N.Y. June 30, 2015).  This standard of review is "highly deferential . . . and reversal is appropriate only if [the magistrate judge's] discretion is abused."  *Advanced Analytics, Inc. v. Citigroup Glob. Mkts. Inc.*, 301 F.R.D. 47, 50 (S.D.N.Y. 2014).

Judge Parker properly acknowledges in her Report that the Wells Fargo Defendants have "little excuse" for their tardiness in moving to assert a claim against Marcum.  Despite this, Judge Parker balances this fact against the overall posture of the case and the considerations of judicial efficiency, which weigh in favor of allowing the assertion of third-party claims against Marcum.  Judge Parker also properly concludes that as Marcum has been heavily involved throughout the entirety of this case, granting Wells Fargo's motion will not affect the scope of discovery or prejudice Marcum.  Plaintiffs have not persuaded the Court that any of these conclusions are "clearly erroneous," or indeed, erroneous at all.  (*See also* Defendants' response at ECF No. 948.)

Moreover, Marcum himself has since appeared in the action and moved to dismiss the claims against him.  (*See* ECF No. 972.)  Considering all the circumstances, the Court concludes

3

that it is reasonable to allow Marcum to speak for himself now that he has appeared. Accordingly, Plaintiffs' objection is overruled, and this aspect of the Report is hereby adopted.

Finally, Plaintiffs object that allowing the Wells Fargo Defendants to amend the pleading with regard to the 'set-off' defense is futile.  Plaintiffs assert, without elaboration, that this order in the Report is dispositive and warrants *de novo* review.  Contrary to this assertion, the Report makes clear that it makes no decisions as to the merits of the set-off defense.  (*See, e.g.*, ECF No. 922 at 12, 13, stating "it would be premature to resolve whether set-off could ever apply" and that "the Court makes no judgment at this juncture as to the strength or merits" of the defense.)

Regardless, having reviewed all of the parties' submissions, the Court agrees that leave to amend with respect to this defense was properly granted.  Plaintiffs have not demonstrated that they would be unduly prejudiced by this amendment of the Wells Fargo Defendants' answer, particularly as the answer already asserts a version of this defense.  Nor have the Plaintiffs demonstrated that this amendment would be futile.  As Judge Parker explained in the Report:

> [I]n assessing futility, the Court must accept all factual allegations and draw all inferences in favor of the pleader. *See Rotter*, 93 F.Supp.2d at 497-98 ("the futility of amendment indicates that . . . a proposed amendment should be reviewed under a standard analogous to the standard of review applicable to a motion brought under Rule 12(b)(6)[.]"); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).  Under this standard, Plaintiffs' assertion of futility is insufficient, because Plaintiff's assertion of futility relies on the Court's assuming Plaintiffs' allegations to be true.

(ECF No. 922 at 12-13.)

The same is true of Plaintiffs' arguments in their objection to the Report.  Accordingly, Plaintiffs' objections are overruled and the Report is adopted in its entirety. (*See also* ECF No. 948.)

4

**III.      Conclusion**

The Report and Recommendation dated November 21, 2022 (ECF No. 922) is hereby ADOPTED in full and Plaintiffs' objections are OVERRULED.  The motion at ECF Number 803 is accordingly granted in part and denied in part consistent with the Report.

The Clerk of Court is directed to close the motion at Docket Number 803.

SO ORDERED.

Dated:  March 20, 2023
        New York, New York

_____
J. PAUL OETKEN
United States District Judge