# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: 2123268391
KACARRERO@JONESDAY.COM

April 7, 2023

<u>VIA ECF</u>

Hon. Katharine H. Parker, U.S.M.J.
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St.
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10/2023

      Re:     <u>*In re Lifetrade Litigation*</u>, No. 17-cv-02987-JPO-KHP

Dear Judge Parker:

      We write on behalf of Wells Fargo Bank, N.A., Wells Fargo Bank Northwest, N.A. (n/k/a Wells Fargo Trust Company, N.A.), Wells Fargo Delaware Trust Company, N.A., and ATC Realty Fifteen, Inc. (the "Wells Fargo Defendants") pursuant to Your Honor's Individual Rules sections I(b) and III(b) to seek leave to move to compel Mr. Marcum and Plaintiffs to move forward with discovery as they have been unwilling to schedule depositions or even propose a discovery schedule notwithstanding that the Court-ordered stay of discovery ended on February 28 and no application to extend that stay has been made let alone granted, nor should it.

      Your Honor may recall that on December 1, 2022, the Court entered a short stay on all discovery in order to allow Mr. Marcum to be implead back into the case, so that he may secure legal counsel, and so that Mr. Marcum's counsel could use that time to "get up to speed," while Plaintiffs and the Wells Fargo Defendants briefed their early motions for summary judgment. *See* Dkt. 941 [12/1/22 Conf. Tr.] at 6:4-18, 41:8-11; *see also* Dkt. 934 (12/1/22 Order). At that time, approximately one month and a half remained for the completion of all fact discovery. *See* Dkt. 774 at 2 (setting a completion of fact discovery by January 13, 2023). The discovery stay concluded on February 28, 2023. Dkt. 934 The Wells Fargo Defendants immediately sent a letter to the parties on February 28 with a proposed comprehensive discovery schedule that contemplated two months for the completion of all fact discovery, and identifying the discovery we believe the parties should immediately move forward with. On March 3, the Wells Fargo Defendants wrote to the Court requesting a conference be scheduled as we anticipated discovery disputes would remain after the parties' meet and confer that could require the Court's intervention. Dkt. 989. The Court scheduled a case management conference for April 27. Dkt. 999.

      On March 9, during a meet and confer, the Wells Fargo Defendants suggested a multi-step process, which was agreed-upon by the parties, by which the parties would exchange letters to set out their respective positions as to, *inter alia*, (i) whether any further stay of discovery is warranted; (ii) deposition dates and logistics; (iii) additional discovery contemplated; (iv) the comprehensive schedule for remaining discovery; (v) contemplated motion practice, and (vi) any other significant

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

issues.  The parties have since then exchanged letters regarding discovery and participated in two meet and confer meetings.

Mr. Marcum has taken the position that no discovery should proceed and that a further discovery stay be implemented until his pending motion to dismiss is decided.  In the event that such motion is denied, he seeks the Court stay discovery for, at a minimum, six months to begin running once the Court issues its order on his pending motion, so that Mr. Marcum's counsel has additional time to review the discovery that has taken place between Mr. Marcum's prior dismissal of the underlying claims and to determine what other discovery Mr. Marcum needs from the other parties.  The Wells Fargo Defendants oppose the further discovery stay.  Not only was the Court's stay intended for a limited purpose (*see supra* at 1), but Mr. Marcum's counsel has had sufficient time since at least December 8, 2022 when Mr. Marcum was served with the Third-Party Complaint (Dkt. 946) to review the discovery that has taken place to date.[1]  Mr. Marcum's counsel's decision to not use the time he has already had to get up to speed as the Court intended should not be a reason to further delay the resolution of this action.  Further, Judge Oetken's recent adoption of Your Honor's order granting Mr. Marcum's impleader only further rebuts any argument warranting a stay until the resolution of Mr. Marcum's motion to dismiss the Wells Fargo Defendants' third party complaint.  *See* Dkt. 1005.  Further, Mr. Marcum is a material witness whose deposition will need to be taken regardless of his status, thus there is no reason to delay it.

Plaintiffs have similarly taken the position that discovery should not proceed until the Court resolves Mr. Marcum's position on a further discovery stay.  Plaintiffs are not willing to propose or agree to a discovery schedule, including being unwilling to confirm availabilities of their witnesses for the depositions of the non-derivative Plaintiffs the Wells Fargo Defendants have yet to depose.  Instead, Plaintiffs have proposed that discovery proceed piecemeal, focusing only on certain discovery-related motions, but even with respect to motion practice seek to delay.  For example, Plaintiffs agree that the Wells Fargo Defendants' pending motion for a protective order on the 30(b)(6) deposition topics, which was filed on November 28, 2022 (Dkt. 925), should continue to be briefed. Yet, Plaintiffs have delayed in filing their opposition.

While the Wells Fargo Defendants support moving forward with motion practice promptly, discovery should not be limited to motion practice; the discovery stay concluded on February 28, and there is no reason that depositions and any limited discovery that remains to be taken by each side cannot proceed now.  On March 17, the Wells Fargo Defendants proposed a second comprehensive discovery schedule, which contemplates concluding fact discovery by June 30, 2023.  *See* Exhibit 1.  We also proposed deposition dates for (i) the non-derivative Plaintiffs that

---

[1] Despite his impleader into the case in early December 2022, it was not until March 3, 2023 when Mr. Marcum's counsel requested that all discovery that took place before Mr. Marcum was enjoined be provided to him. As of March 17, 2023, the Wells Fargo Defendants made available to Mr. Marcum all documents, deposition transcripts, and other written discovery exchanged since June 2021.  As of the time of this filing, Mr. Marcum's counsel has not even downloaded the documents provided by the Wells Fargo Defendants.

JONES DAY

April 7, 2023
Page 3

the Wells Fargo Defendants noticed on August 8, 2022; (ii) the depositions of three Wells Fargo witnesses, Messrs. Jeffrey Petri, Justin Dardani, and Michael Thomas;[2] and (iii) the deposition of key witness, Mr. Marcum, whose deposition has been noticed since July 6 and November 9, 2022 by Plaintiffs and the Wells Fargo Defendants, respectively, all to take place after the April 27 conference.[3]  Exhibit 2.

Because Plaintiffs and Mr. Marcum have declined to proceed with depositions or negotiate a discovery schedule, we respectfully request the Court to compel depositions to move forward in May and June and to set a comprehensive discovery schedule consistent with the Wells Fargo Defendants' proposal.  To the extent a pre-motion conference is required, the Wells Fargo Defendants will be prepared to address this request at the upcoming April 27 conference or earlier.

Respectfully submitted,

/s/ Kelly A. Carrero
Kelly A. Carrero
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-8391

*Attorneys for Defendants Wells Fargo Bank, N.A., Wells Fargo Bank Northwest, N.A. (n/k/a Wells Fargo Trust Company, N.A.), Wells Fargo Delaware Trust Company, N.A., and ATC Realty Fifteen, Inc.*

SO ORDERED:
/s/ Katharine H. Parker
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    4/10/2023

The stay in discovery was lifted at the end of February 2023. Therefore, the parties shall schedule all depositions by **April 17, 2023** for completion before June 30, 2023.

By **April 28, 2023**, Plaintiffs shall file their opposition to Wells Fargo's motion for a protective order.

---

[2] On November 4, 2022, the Court granted Plaintiffs' request to depose Mr. Thomas for one additional hour.  Dkt. 895.

[3] Although our March 14 letter proposed deposition dates in April for the three Wells Fargo witnesses, we indicated in both our March 14 and March 24 letters to the parties that we are willing to propose dates in the May and June time period.

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIFETRADE LITIGATION: <br><br> This Document Relates To All Actions | MASTER FILE <br> 1:17-CV-02987 (JPO)(KHP) |

**[PROPOSED] COMPREHENSIVE SCHEDULING ORDER
FOR THE COMPLETION OF DISCOVERY**

The parties hereby submit for the Court's consideration and approval the following comprehensive schedule respecting prospective discovery in the above-captioned cases:

1. Plaintiffs shall file their opposition to the Wells Fargo Defendants' motion for a protective order regarding the 30(b)(6) deposition topics (Dkt. No. 925) on or before **March 31, 2023**;

2. Defendants shall depose the non-derivative Plaintiffs on or before **June 2, 2023**;

3. All Party fact depositions shall be completed by **June 30, 2023** (except for the Wells Fargo 30(b)(6) depositions, which shall be completed within 45-days of a decision on the motion for a protective order);

4. All third party fact discovery shall be concluded by **June 30, 2023**;

5. Disclosures (as required by Rule 26(a)(2)) and depositions in connection with any witnesses that a party intends to call at trial as an expert witness shall be made as provided below. The Parties will continue to meet and confer regarding the issue of witnesses, who may be considered by some Parties to be both fact and expert witnesses, and any associated disclosure requirements in connection with such individuals;

    a. Plaintiffs shall serve their expert reports by **August 18, 2023**;

    b. Defendants shall serve their expert reports by **October 20, 2023**;

    c. Plaintiffs shall serve any reply expert reports in further support of their expert reports served pursuant to paragraph 11(a) above, by **November 17, 2023;**

   d. Defendants shall serve reply expert reports in further support of affirmative expert reports, if any, served pursuant to paragraph 11(b) above, by **December 15, 2023**; and

   e. Depositions of the parties' experts shall take place between **August 18, 2023 and February 9, 2024**;

6. Requests for admissions pursuant to Rule 36 of Federal Rules of Civil Procedure, and contention interrogatories, shall be served by **January 5, 2024**;

7. The parties shall meet and confer regarding a proposed schedule respecting motions for summary judgment and the exclusion of expert witnesses or opinions pursuant to *Daubert,* and may apply to Judge Oetken for leave to establish such a schedule;

8. Nothing herein will preclude the parties, or any party, for good cause shown, in the interests of justice, or with the consent of other parties to seek an Order adjusting, relaxing or modifying this schedule.

Dated: _____, 2023    SO ORDERED:

_____
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

# Exhibit 2

*In re Lifetrade Litigation*, 1:17-cv-02987-JPO-KHP

**Proposed Deposition Dates by the Wells Fargo Defendants on March 17, 2023**

| Non-Derivative Plaintiffs | | |
|---|---|---|
| **Witness** | **Proposed Deposition Date** | **Corporate Representative**[1] |
| CBM Bolsa de Valores, S.A. | May 2, 2023 | Alejandro Dolan |
| Plaza Asset Management Co., Ltd. | May 4, 2023 | Masayuki Bunya |
| Ulan Bator Project Ltd. | May 9, 2023 | Roberto Rodriguez |
| Iject, Inc. | May 11-12, 2023 | Hideo Takahashi |
| **Other Parties**[2] | | |
| **Witness** | **Proposed Deposition Date** | |
| John Marcum | May 17, 2023 | |

---

[1] Corporate representatives previously identified and designated by Plaintiffs by email on November 4, 2022.

[2] The Wells Fargo Defendants also proposed deposition dates in April for the three Wells Fargo witnesses, Messrs. Jeffrey Petri, Justin Dardani, and Michael Thomas (1 hour). However, we indicated in both our March 14 and March 24 letters to the parties that we are willing to propose dates in the May and June time period.