# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

June 20, 2023

VIA ECF
Hon. Katharine H. Parker, U.S.M.J.
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St.
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/21/2023

Re:   *In re Lifetrade Litigation*, No. 17-cv-02987-JPO-KHP

Dear Judge Parker:

We write on behalf of the Wells Fargo Defendants regarding the deposition of third-parties Antonio Com and Dan Norton.  In its June 2, 2023 order (Dkt. 1074) this Court required that "[b]y June 9, 2023, Plaintiffs shall confirm they have served subpoenas on Maple Life and Antonio Com."  As of Sunday, June 18, Plaintiffs have confirmed that Mr. Com has not been served.  Regarding Mr. Norton, another third-party subpoenaed by Plaintiffs, although the Wells Fargo Defendants are available for Mr. Norton's deposition on Plaintiffs' noticed date of June 29, despite our repeated requests, Plaintiffs have not confirmed that Mr. Norton is in fact available to be deposed that day.  Nor have Plaintiffs informed us whether Mr. Norton is represented by counsel despite our request for confirmation and contact information if so.  Accordingly, for the reasons discussed in further detail below, the Wells Fargo Defendants request that the Court order that (i) having failed to timely serve Mr. Com, Plaintiffs may no longer depose him; and (ii) Plaintiffs confirm third-party Mr. Norton's availability on June 29, the identity of Mr. Norton's counsel (if any), and Mr. Norton's current contact information or his counsel's if he is represented.

Regarding Mr. Com, Plaintiffs have been free to subpoena him since the lifting of the stay of discovery well over three months ago.  At the April 27 conference, the Court impressed on Plaintiffs the importance of serving subpoenas promptly.  Dkt. 1046 [4/27/23 Conf. Tr.] at 59:11-20 (directing Plaintiffs to "get those subpoenas out ASAP").  But Plaintiffs did not "get those subpoenas out ASAP," and instead delayed for over a month in seeking to serve Mr. Com.  The Wells Fargo Defendants have written to Plaintiffs no less than three times in the past month[1] requesting updates on Plaintiffs' efforts to subpoena Mr. Com for a deposition.  Plaintiffs repeatedly suggested that Mr. Com's deposition was on track for completion by June 30 when they had yet to serve him and were completely silent on service for a month.  This past weekend, Plaintiffs finally confirmed that they have not served Mr. Com.  Ex. D.[2]  Plaintiffs make the further unsubstantiated accusation that Mr. Com, who we understand from LinkedIn is a part-time officer in the U.S. Navy, has "actively avoided service."  If anyone is to blame for Mr. Com not already

---

[1] *See* Email Correspondence from Kelly Carrero, May 17, 2023 (Exhibit A); Email Correspondence from Nicole Camacho, May 23, 2023 (Exhibit B); Email Correspondence from Nicole Camacho, May 26, 2023 (Exhibit C).

[2] Email Correspondence from Alyssa Aubuchon, June 17, 2023 (Exhibit D).

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

June 20, 2023
Page 2

being served and deposed in this matter, it is Plaintiffs themselves.

Plaintiffs have already received one extension of the deadline (Dkt. 1074) to depose Mr. Com. Given Plaintiffs' repeated failure to comply with the Court's order, no further extension of the deadline is warranted. Plaintiffs should not be allowed to use their own lack of diligence to further delay the completion of discovery. We request the Court enter an order precluding Plaintiffs from taking Mr. Com's deposition.

Regarding Mr. Norton, on May 22, Plaintiffs served Mr. Norton's spouse with a subpoena noticing Mr. Norton's deposition for June 29 (Dkt. 1070 at 1) in North Carolina. Because Wells Fargo did not object to that date, the Court ordered Mr. Norton's deposition for June 29. Dkt. 1074. However, Plaintiffs have not responded to our repeated requests to confirm that Mr. Norton, a third-party, has in fact confirmed his availability to be deposed on that date at the location in North Carolina noticed by Plaintiffs.[3] Nor have Plaintiffs responded to our requests to provide information on Mr. Norton's legal representation and contact information. Plaintiffs' repeated lack of cooperation on the deposition of Mr. Norton suggests to us that Plaintiffs do not have any assurance that he is available for the deposition on June 29. Given the Court order requiring Mr. Norton to be deposed on June 29, it is critical that Plaintiffs provide us confirmation that his deposition is in fact proceeding on that date. Accordingly, we respectfully request that the Court order Plaintiffs to (i) state whether Mr. Norton has in fact confirmed his availability to be deposed on June 29, (ii) provide the name and contact information of Mr. Norton's legal counsel, if any, (iii) provide Mr. Norton's current contact information if he is not represented by counsel, and (iv) state whether they will take Mr. Norton's deposition in-person or remotely. If Plaintiffs continue to fail to cooperate on the deposition of Mr. Norton, and the deposition does not go ahead on the subpoenaed date and location, we reserve our right to seek sanctions for fees and expenses incurred in preparing for and/or travel plans for that deposition.

SO ORDERED:

_/s/ Katharine H. Parker_
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   6/21/2023

> The Court is in receipt of the parties' letters. As Plaintiffs have now represented to the Court that they will proceed with the deposition on June 29, the Court interprets that as confirmation that Mr. Norton is available for the deposition, and the deposition shall proceed on June 29. Fed. R. Civ. P. 30(b)(1) requires disclosure of the information Wells Fargo seeks.
>
> The Court emphasizes once again that the deadline for Mr. Com's deposition is June 30, 2023. If Plaintiffs are unable to meet that deadline, the Court will hear argument about the deposition at the July 13, 2023 conference. Plaintiffs must demonstrate good cause for failing to meet the Court's deadline if they wish to continue his deposition.
>
> Further, Plaintiffs are reminded that the Court did not extend the deadline for Mr. Cambern's deposition, so Wells Fargo is not required to make Mr. Cambern available in early July. Because Plaintiffs were unable to meet the Court's deadline, Plaintiffs must demonstrate good cause at the July 13, 2023 conference if they wish to continue his deposition.

JONES DAY

June 20, 2023
Page 3

                                                                         Respectfully submitted,

                                                                         */s/ Kelly A. Carrero*
                                                                         Kelly A. Carrero
                                                                         JONES DAY
                                                                         250 Vesey Street
                                                                         New York, NY 10281
                                                                         (212) 326-8391

                                                                         *Attorneys for Defendants Wells Fargo Bank, N.A., Wells Fargo Bank Northwest, N.A. (n/k/a Wells Fargo Trust Company, N.A.), Wells Fargo Delaware Trust Company, N.A., and ATC Realty Fifteen, Inc.*

cc:       All counsel of record via ECF