```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
   IN RE LIFETRADE LITIGATION:                                          ORDER

                                                                  17-CV-2987 (JPO)(KHP)


-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Wells Fargo Defendant filed a motion to seal in connection to its memorandum of law in support of their early motion for summary judgment on statute of limitations and lack of derivative standing. (ECF No. 955.) The documents include ones annexed to the Carrero Decl. (ECF No. 956) that were produced in discovery with a "confidential designation" and are:

- ECF Nos. 956-8 - 956-15 (Exhibits 8-15): Excerpts of deposition transcripts,

- ECF Nos. 956-19, -21-23 (Exhibits 19, 21-23): Copies of a printout from the Curacao Commercial Register for Lifetrade funds,

- ECF Nos. 956-24 – 956-25 (Exhibits 24-25): Copies of the Memorandum and Articles of Association of Lifetrade funds,

- ECF Nos. 956-26 – 956-27 (Exhibits 26-27): Copies of an Offering Memorandum for Lifetrade funds,

- ECF Nos. 956-28 – 956-29 (Exhibits 28-29): Copies of the Written Resolutions of the Directors of Lifetrade funds,

- ECF No. 956-30 (Exhibit 30): a Certificate of Statutory Trust Registration of LT Opportunity Trust,

- ECF No. 956-31 (Exhibit 31): Copy of the Fourteenth Amendment to the Loan and Security Agreement, dated March 15, 2012,

- ECF No. 956-32 (Exhibit 32): Copy of the Beneficiary Direction Letter, dated March 15, 2012,

- ECF No. 956-33 (Exhibit 33): Copy of the Notice of Public Sale (the "Foreclosure Notice"), dated August 8, 2012,

- ECF No. 956-34 (Exhibit 34): Copy of the Beneficiary Direction Letter, dated August 14, 2012, executed in connection with the Settlement Agreement,

- ECF No. 956-35 (Exhibit 35): Copy of a legal opinion of Curaçao counsel Van Eps Kunneman VanDoorne, dated August 27, 2012,

- ECF No. 956-36 (Exhibit 36): Copy of an email from JK [Juan Keser] to Martin Miranda dated April 23, 2012, with a true and correct copy of a notice to shareholders calling an extraordinary general meeting of the Lifetrade funds, dated April 19, 2012 as accompanying attachment to the email,

- ECF No. 956-37 (Exhibit 37): Copy of a certified English translation of Exhibit 36,

- ECF No. 956-38 (Exhibit 38): Copy of an emails from Juan Keser Piano to Martin Ricardo Miranda dated June 19, 2013,

- ECF No. 956-39 (Exhibit 39): Copy of a certified English translation of Exhibit 38,

- ECF No. 956-40 (Exhibit 40): Copy of an email from Juan Keser Piano dated August 9, 2013, with a true and correct copy of an undated notice from the Lifetrade Fund B.V. as accompanying attachment to the email,

- ECF No. 956-41 (Exhibit 41): Copy of a certified English translation of Exhibit 40,

- ECF No. 956-42 (Exhibit 42): Copy of an email from JK [Juan Keser] dated January 14, 2015,

- ECF No. 956-43 (Exhibit 43): Copy of a certified English translation of Exhibit 42,

- ECF No. 956-44 (Exhibit 44): Copy of statements for an account with Swiss Bank, Safra Sarasin to Carlos Alberto Wehbi,

- ECF No. 956-45 (Exhibit 45): Copy of excerpts from the transcript of the deposition of Michael J. Thomas taken on June 17, 2013 in connection with case In the Matter of the Application of Sociedad Militar Seguro de Vida to Take Discovery Pursuant to 28 U.S.C. § 1782, Case No. 1:13-0036-JOF-ECS,

- ECF No. 956-46 (Exhibit 46): Copy of the Certificate of Cancellation of Certificate of Trust of LT Opportunity Trust filed on February 14, 2014 with the Secretary of State of the State of Delaware.

**LEGAL STANDARDS**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful

in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve

higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**ANALYSIS**

As an initial matter, the documents in question are "judicial documents" in which the presumption of public access attaches. *Lugosch*, 435 F.3d 110, 123 ("documents—by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment—are unquestionably judicial documents under the common law"). Wells Fargo's concern is that the documents were designated as confidential. Defendants do not discuss what higher values are implicated by any of the documents, and they fail to point to any particular information that is sensitive. Rather, Defendants make a blanket statement that all of the documents were designated confidential and should be sealed in their entirety. However, the fact that material was designated by the parties as confidential or was produced pursuant to a protective order has no bearing on the presumption of public access

once the material becomes a judicial document. *See Susquehanna Int'l Grp. Ltd.*, 2021 WL 3540221, at *3 ("bargained-for confidentiality" is not a "higher value" that can overcome the presumption of access to judicial documents).

Upon the Court's review of the materials sought to be filed under seal, the Court finds that most of these documents are financial information and transaction documents about the Lifetrade funds and announcements to shareholders regarding these transactions from 2012. The material also includes internal correspondence that do not reveal confidential information but instead update shareholders on the status of the Lifetrade funds. None of these documents contain any confidential information that has not already been made public or that would outweigh the presumption of public access to judicial documents. The requested documents also include portions of deposition transcripts. These transcripts also do not contain confidential information that would outweigh the public presumption of public access to judicial documents. The parties have not provided any additional reason that any of these should be sealed.

## CONCLUSION

For the reasons forth above, Defendants' motion to seal at ECF Nos. 955 is DENIED.  **The Clerk of the Court is respectfully requested to unseal the documents at ECF No. 956 and terminate the pending motion at ECF No. 955.**

Dated: July 7, 2023
      New York, New York

                                      So ordered,

                                      *[signature: Katharine H. Parker]*
                                      _____

                                      KATHARINE H. PARKER
                                      United States Magistrate Judge