# waterskrauspaul

July 6, 2023

**VIA ECF**

Hon. J. Katharine H. Parker, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/10/2023
```

Re:    *In re Lifetrade Litigation*, Case No. 17-cv-02987 (JPO)(KHP)
       Amended Letter Motion to Compel Former Lifetrade Counsel Locke Lord, LLP and
       Withers Bergman, LLP to Produce Documents Related to the Representation and to
       Overrule and/or Strike Privilege Objections Raised by the Firms

Dear Judge Parker:

On May 22, 2023, Plaintiffs submitted a letter motion pursuant to Federal Rule of Civil Procedure 26(b)(1) to compel from former Lifetrade law firm Locke Lord, LLP ("Locke Lord") production of relevant, responsive documents and requested a discovery conference to discuss this dispute before the Court. Dkt. 1065. Because the responses to subpoenas served on another former Lifetrade law firm raises substantially similar issues, pursuant to Federal Rule of Civil Procedure Rule 37, Plaintiffs submit this amended letter motion to (1) further move to strike and/or overrule privilege objections raised by Locke Lord and Withers Bergman, LLP ("Withers") (collectively, "the former Lifetrade law firms"); and (2) respectfully request, in light of Your Honor's June 29, 2023 order that Locke Lord shall have a representative present to discuss Plaintiffs' motion at the July 13, 2023 status conference (Dkt. 1101), that Your Honor order attendance by a Withers representative as well to discuss and resolve this dispute before the Court.

The subpoena to Withers is attached as **Exhibit A** and Withers responses are attached as **Exhibit B**. Both Locke Lord and Withers have produced some responsive documents that they do not consider privileged. Nevertheless, both firms continue to withhold certain unspecified documents on privilege grounds and neither has provided any type of log identifying the withheld documents.

An identical subpoena has been served on a third former Lifetrade law firm, Dechert, LLP ("Dechert"), and Dechert has raised similar privilege objections. Because discussions regarding Dechert's objections are ongoing between Plaintiffs and Dechert, this letter motion does not include Dechert.

In addition to maintaining their request that Your Honor compel Locke Lord to produce those documents related to its representation of the Lifetrade entities and Roy Smith (except as to communications related solely to his personal affairs) (*see* Dkt. 1065), Plaintiffs' amended letter motion seeks the same relief as to Withers. Discovery of these materials is consistent with Fed. R. Civ. P. 26(b)(1) which gives each party to an action the right to "obtain discovery

**WATERS KRAUS & PAUL** ATTORNEYS AND COUNSELORS

**DALLAS:**   3141 HOOD ST  SUITE 200  DALLAS, TEXAS  75219  **TEL** 214 357 6244   **FAX** 214 357 7252

**LOS ANGELES:**   11601 WILSHIRE BLVD., SUITE 1900 LOS ANGELES, CALIFORNIA  90025  **TEL** 310 414 8146   **FAX** 310 414 8156

**MOLINE:**   1530 3RD AVENUE A  2ND FLOOR  MOLINE, ILLINOIS  61265  **TEL** 800 226 9880   (by appointment)

PARTNERS

C. Andrew Waters (CA,DC,OR,TX)
Peter A. Kraus (CA,HI,MO,TX,VA)
Charles S. Siegel (PA,TX)
Michael L. Armitage (CA,LA)
Gary M. Paul (CA)
Leslie C. MacLean (PA,TX)
Michael B. Gurien (CA)
Kevin M. Loew (CA)
Joy Sparling (IL)
Susannah B. Chester-Schindler (TX,LA)
Caitlyn Silhan (CA,TX)
Patrick J. Wigle (TX)
Michael P. Connett (CA,PA,OR)
Christopher L. Johnson (HI,OR,TX,WA)
Sam I. Iola (TX,CA)

ASSOCIATES

Rajeev K. Mittal (CA)
Jillian Rice-Loew (CA)
Matthew Bufford (TX)
Leila Mustafa (TX)
Camille Hunt (CA)
Cory Powell (TX)
Ethan Robert (CA)
Nicole Poursalimi (CA)
Kimberly Rosales (TX)

OF COUNSEL

B. Scott Kruka (PA,TX)
Wm. Paul Lawrence II (TX,VA)
William Galerston (IL,TX)
Randall L. Iola (IL,OK,TX)
Kay Gunderson Reeves (TX,WA)
Susan M. Ulrich (CA,MA,WA)
Elizabeth A. Post (CA)

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The former Lifetrade law firm files pertaining to representation of Smith and the Lifetrade entities and, particularly, those related to the transactions giving rise to the allegations in the complaint are clearly relevant and proportional to the needs of the case and should be produced. Moreover, as discussed below, Your Honor determined that no privilege exists to protect these documents from discovery. Accordingly, Plaintiffs respectfully urge Your Honor to compel the former Lifetrade law firms to produce responsive documents.

Plaintiffs further move to overrule and/or strike privilege objections to requests for production of documents related to the representation of former Lifetrade CEO, Roy Smith (except as to communications relating solely to his personal affairs) and the now defunct Lifetrade entities. In *In re Air Crash at Belle Harbor, New York on November 12, 2001*, No. MDL 1448 (RWS), 2006 WL 1236688, at * 1 (S.D.N.Y. May 9, 2006) plaintiffs moved to strike defendant's objections to plaintiff's request to produce documents. Defendant argued that a motion to strike was not the proper means to achieve the relief sought, suggesting that plaintiff could only proceed via motion to compel. *Id.* Granting plaintiff's motion in part, the District Court stated that, "Fed.R.Civ.P. 37 contemplates a motion to strike invalid objections…. Courts have ruled on 'motions to strike objections' pursuant to Rule 37(a)(2). *See e.g., Dunn v. Warhol*, 1992 WL 328897 (E.D.Pa. Oct. 26, 1992) (granting in part plaintiff's 'Motion to Strike Objections' to requests for documents pursuant to Rule 37(a)(2). *See also Meyer v. S. Pac. Lines*, 199 F.R.D. 610 (N.D.Ill. 2001) (granting plaintiff's 'motion to strike objections' to requests to admit and interrogatories, pursuant to Rule 37(a)(2), and stating that '[a] party may file a motion to compel discovery under Rule 37[(a)(2)] … where the party's response is evasive or incomplete.'). Little would be gained by requiring another set of motion papers to present the same issues." *Id.* (citations in original).

Here, Locke Lord and Withers rely on substantially identical privilege objections to avoid disclosure of documents related to their representation of Smith and the Lifetrade entities on matters relevant to the case at bar. Attorney-client privilege, however, does not exist between these firms and their former clients. As a general rule, the privilege terminates when an organization ceases to have legal existence such that no one can act on its behalf. *See Securities and Exchange Comm'n v. Carillo Huetell LLP*, No. 13 Civ. 1735 (GBD)(JCF), 205 WL 1619282, at *2-*3 (S.D.N.Y. April 8, 2015) ("The weight of authority… holds that a dissolved or defunct corporation retains no privilege.") *citing In re Behr Dayton Thermal Products, LLC*, 298 F.R.D. 536, 541–43 (S.D.Ohio 2014); *Trading Technologies International, Inc. v. GL Consultants, Inc.*, Nos. 05–4120, 05 C 5164, 2012 WL 874322, at *4 (N.D.Ill. March 14, 2012); *Official Committee of Administrative Claimants ex rel. LTV Steel Co. v. Moran*, 802 F.Supp.2d 947, 94849 (N.D.Ill.2011); *Lopes v. Viera*, 688 F.Supp.2d 1050, 1059–69 (E.D.Cal.2010); *TAS Distributing Co. v. Cummins Inc.*, No. 07–1141, 2009 WL 3255297, at *1–2 (C.D. Ill Oct. 7, 2009); *City of Rialto v. United States Department of Defense*, 492 F.Supp.2d 1193, 1200 (C.D.Cal.2007); *Gilliland v. Geramita*, No. 2:05–CV–1059, 2006 WL 2642525, at *4 (W.D.Pa. Sept. 14, 2006); *Lewis v. United States*, No. 02–2958, 2004 WL 3203121, at *4 (W.D.Tenn. Dec. 7, 2004); *In re Fundamental Long Term Care, Inc.*, No. 8:11–bk–22258, 2012 WL 4815321, at *8–10 (Bkrtcy.M.D.Fla. Oct. 9, 2012). Indeed, at the case management conference on April 27, 2023 *Your Honor held that, since the*

July 6, 2023
Page 3

*Lifetrade entities are defunct, no privilege exists to protect these files from production.*
(Dkt. No 1045.)  And neither counsel for Defendant John Marcum nor counsel for the Smith estate raised any objection to the court's ruling that there is no attorney client privilege protecting these files.  Under these circumstances, objections to Plaintiffs' subpoenas on privilege grounds are invalid.

Plaintiffs have conferenced repeatedly with counsel for the former Lifetrade law firms attempting to resolve their privilege objections by agreement, to no avail, thwarting plaintiffs' legitimate discovery requests to the law firms.  Details regarding the meet and confer history between Plaintiffs and Locke Lord were contained in Plaintiff's first motion to compel. Plaintiffs have met and conferred with Withers regarding the contents of this letter motion on multiple occasions the last being on June 29, 2023.

Accordingly, rather than submit an additional motion to compel, Plaintiffs submit this amended motion to ask that Your Honor overrule and/or strike the inapplicable privilege objections, and that Your Honor order attendance by Withers at the July 13, 2023 conference to discuss and resolve this dispute before the Court.

Respectfully,

*/s/  Peter Kraus*
WATERS, KRAUS & PAUL
*Attorneys for Plaintiffs*

cc:
Kelly A. Carrero kacarrero@JonesDay.com
Mahesh V. Parlikad mvparlikad@JonesDay.com
Nicole M. Camacho ncamachohernandez@jonesday.com
Ryan W. McMullan rmcmullan@JonesDay.com
Alyssa L. Aubuchon aaubuchon@JonesDay.com

Arnie Lakind alakind@szaferman.com
Janine G. Bauer jbauer@szaferman.com
Shelia Kliwinski skliwinski@szaferman.com

Milo Silberstein Msilberstein@DSBLawNY.com
Maria Bianco MBianco@dsblawny.com

Steven Phillips sphillips@p2law.com
Diane Paolicelli dpaolicelli@p2law.com
Marc Gorrie mgorrie@p2law.com
Jillian Rice-Loew jrice-loew@waterskraus.com
Charles Siegel siegel@waterskraus.com

SO ORDERED:

*Katharine H Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   7/10/2023

Plaintiffs have moved for a conference in advance of moving to compel Withers Bergman, LLP to respond to a subpoena. By **July 17, 2023**, Withers shall respond to Plaintiffs' letter. As Withers has not had the same opportunity as Locke Lord to become acquainted with this motion prior to the July 13, 2023 case management conference, Withers is not required to send a representative to the conference but is invited to do so, in which case the Court will hear argument from Withers regarding the motion. The Court will address the motion in regards to Locke Lord on **July 13, 2023 at 2:00 p.m. in Courtroom 17D, 500 Pearl Street, New York, New York**.

**Plaintiffs' counsel shall serve a copy of this Order on Withers Bergman, LLP.**

July 6, 2023
Page 4

Michael Armitage armitage@waterskraus.com
Nicole Poursalimi npoursalimi@waterskraus.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LIFETRADE LITIGATION:          CIVIL ACTION NO. 1:17-cv-02987

This Document Relates to:  All Actions

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the attached Subpoena to Produce Documents,

Electronically Stored Information or Tangible Things has been served this 12th  day of August,

2022, on all counsel of record pursuant to the Federal Rules of Civil Procedure.

_____
Peter A. Kraus
(Admitted *Pro Hac Vice*)
3141 Hood Street, Suite 700
Dallas, Texas 75219
214-357-6244
kraus@waterskraus.com
IN RE LIFETRADE LITIGATION:
This Document Relates to: All Actions

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE LIFETRADE LITIGATION:

This Document Relates to: All Actions

                       Plaintiff,

Case Number 1:17-cv-02987-JPO-KHP

## SUBPOENA TO PRODUCE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS IN A CIVIL ACTION

To:    Withers Bergman LLP, by and through its Special Counsel,
Chaya Weinberg-Brodt, 430 Park Avenue, 10th Floor,
New York, NY 10022-3505

**YOU ARE COMMANDED TO PRODUCE** the categories of documents set forth in this subpoena. This subpoena has been issued by the United States District Court for the Southern District of New York in the matter styled IN RE LIFETRADE LITIGATION, No. 1:17-cv-02987-JPO-KHP.

The documents shall be produced on September 15, 2022 at 10:00 a.m. at the offices of Withers Bergman, LLP, 430 Park Avenue, 10th Floor, New York, NY 10033-3505, or at a time and place agreed upon by the undersigned counsel and counsel for the recipient.

The following provisions of Fed.R.Civ.P. 45 are attached: Rule 45(c) relating to the place of compliance, Rule 45(d) relating to your protection as a person subject to a subpoena, and Rule 45(c) and (g) relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Respectfully submitted,

*/s/ Peter A. Kraus*_____

Dated: August 12, 2022
Dallas, Texas

2

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

## DEFINITIONS AND INSTRUCTIONS

1.       "Action" refers to the above-captioned action and related actions: *Aviles v. S&P Global, Inc.*, Case No. 1:17-cv-02987-JPO-KHP; *Benedetto v. ATC Realty Fifteen, Inc.*, Case No. 1:17-cv-06087-JPO-KHP; *Acebedo v. ATC Realty Fifteen, Inc.*, Case No. 1:17-cv-07034-JPO-KHP; *Alvarez v. ATC Realty Fifteen Inc.*, Case No. 1:18-cv-00128-JPO-KHP; and *Areco v. ATC Realty Fifteen, Inc.*, Case No. 1:18-cv-02416-JPO-KHP.

2.       "Document" refers to all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, the complete originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, whether written, graphic, pictorial, photographic, mechanical, taped, electronic, computerized or otherwise, now or formerly in your possession, custody or control. The term "Document" shall specifically include electronically stored information ("ESI") such as, but not limited to, email, text messages, instant messages, direct messages, social media posts, tweets, any documents created on a computer or other electronic device, any data residing on a storage medium, including, but not limited to, hard drives (desktop, laptop or external), servers, jump drives, hand held drives, iPhones, iPads, iPods, Blackberries, mobile phones or smart phones, CDs and DVDs and any sound or tape recording. The requesting party reserves the right to require the producing party to produce any ESI or documents in native format. The meaning of the word "document" also includes voice recordings and reproductions and film impressions of any of the aforementioned writings, as well as copies of documents which are not identical duplicates of the originals and copies of documents of which the originals are not in your possession, custody or

control. In case originals or original non-identical copies are not 4 available, "Document" includes copies of originals or copies of non-identical copies, as the case may be.

3. "Communication" (with respect to persons and with respect to documents), have the same meanings as set forth in Rule 26.3 of the Local Rules.

4. "Concerning" means relating to, referring to, describing, evidencing or constituting.

5. "Governmental Entity" refers to any national or foreign governmental, law enforcement, or regulatory agency, committee, or any division or agent thereof.

6. "HBM" refers to HBM Services B.V., HBM Services N.V., HBM B.V.I. Ltd., and HBM Fund Services B.V., who performed services for Lifetrade as the Funds' Administrator and as the Funds' Director.

7. "KPMG" refers to KPMG Accountants B.V. and KPMG Tax and Legal Services, both based in Curacao, including any directors, officers, employees, agents, corporate parent, subsidiaries, and successor(s) who provided independent auditing of Lifetrade's annual financial statements and other services to the Lifetrade Entities during the Relevant Time Period.

8. "Lifetrade Entities" refers to Defendants Lifetrade Fund, B.V., LTrade Plus Ltd., LTrade Fixed Capital (BVI) Ltd., Lifetrade Management Company, LLC, Lifetrade Management Company, N.V., Lifetrade Asset Management, N.V., Lifetrade Life Settlements Limited, LT Investments, Inc., Portsmouth Settlement Company I, LLC, Portsmouth Securities Limited, LTrade Plus Ltd., LTrade Fixed Capital (BVI) Ltd., TMF Curacao N.V., Roy G. Smith, and John Marcum, including any directors, officers, employees, agents, corporate parent, subsidiaries, and successor(s).

9.     "Lifetrade Funds" refers to the Lifetrade Fund, B.V., LTrade Plus Ltd. and LTrade Fixed Capital (BVI) Ltd. including any directors, officers, employees, agents, corporate parent, subsidiaries, and successor(s).

10.    "Lifetrade Portfolio of Policies" refers to the life insurance policies underlying the Lifetrade Funds and acquired by Wells Fargo through the Settlement Agreement. As used herein, any request to Identify life insurance policies shall mean each and every insurance policy in the Lifetrade Portfolio of Policies acquired by Wells Fargo through the Settlement Agreement.

11.    "Lifetrade Underwriters" refers to ITM Twentyfirst, LLC including any directors, officers, employees, agents, corporate parent, subsidiaries, and successor(s).

12.    "Meeting" or "meetings" means the contemporaneous presence, telephonic or electronic connection among natural persons, whether or not such presence was by chance or pre-arranged and whether or not the meeting was formal or informal or occurred in connection with some other activity.

13.    "Milliman, Inc." refers to Milliman, Inc. a valuation agent hired to provide an ongoing, independent valuation of the Lifetrade portfolio of policies.

14.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

15.    "Settlement Agreement" refers to the August 14, 2012 settlement agreement (and all amendments or addendums thereto) by and among LT Opportunity Trust, Lifetrade Asset Management N.V., The Lifetrade Fund B.V., LT Investments, Inc., Lifetrade Settlements Limited, ATC Realty Fifteen, Inc., Wells Fargo Securities LLC, and Wells Fargo Bank, N.A.

16.    "S&P" refers to Defendant S&P Global, Inc., including any directors, officers, employees, agents, corporate parent, subsidiaries, and successor(s)

5

17. "Wells Fargo" refers to Defendants ATC Realty Fifteen. Inc., Wells Fargo Bank, N.A., Wells Fargo Bank Northwest, N.A. (n/k/a Wells Fargo Trust Company, N.A.), and Wells Fargo Delaware Trust Company, including any directors, officers, employees, agents, corporate parent, subsidiaries, and successor(s).

18. "Wachovia" refers to Wachovia Bank, N.A. including any directors, officers, employees, agents, corporate parent, subsidiaries, and successor(s).

19. "You" or "Your" means the Law Firm to whom this FRCP Rule 36(b) Notice of Deposition is addressed, and all other persons acting on and/or purporting to act on their behalf, singularly or jointly, including but not limited to employees, representatives, and agents.

20. Marking and Arrangement. The Documents produced in response to this request shall be marked and arranged in such a way as to indicate clearly the request to which each such document is responsive.

21. Scope. These requests encompass all information and Documents in Your custody, possession or control, whether or not such information was prepared by or for You. Information and Documents within Your custody, possession or control include information and Documents that You have a legal right to obtain, regardless of their source or present location.

22. Privilege or Immunity from Production. To the extent that any Documents are not produced on the basis of a claim of privilege or immunity:

(a) submit a list identifying each such Document;

(b) identify the nature of the privilege (including work product) which is being claimed; and

(c) identify each person having knowledge of the factual basis, if any, on which the claim of privilege or immunity is based.

6

For these purposes, "identify" shall mean in the case of a Document, to state the Document's date, its author, its recipient or the person for whom it was prepared, its present location or custodian, a summary of its contents and any other information necessary to render the Document distinguishable from all others and subject to ready location.

23. _Destroyed Materials._ If any Documents requested herein were at one time in Your possession, custody or control, but have since been lost, discarded or destroyed, the Documents so lost, discarded or destroyed shall be identified as completely as possible, including, without limitation, the following data: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and the person disposing of the Document.

24. _Incomplete Information._ If You contend that no information or Documents exist relating to all or part of a request, state this contention and respond as fully as possible to the portions of the request for which information or Documents exist. Additionally, if any of the requested information cannot be produced in full, it shall be produced to the maximum extent possible, and You shall specify the reasons for the inability to produce the remainder.

25. _Grammatical Points._ All singular nouns shall include the plural, all plural nouns the singular, all present-tense verbs the past tense, all male genders the neuter and female genders, and vice versa. Additionally, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document requests all responses that might otherwise be construed to be outside of its scope. Similarly, the terms "any," "all," and "each" shall be construed to bring within the scope of the Document requests all responses that might otherwise be construed to be outside of its scope.

26. _Objections._ If any Document request, definition or instruction is objected to in whole or in part, specify all grounds on which the objection rests. Respond to all portions of each

such request to which no objection is asserted. In addition, state whether any responsive information has been omitted from a response or whether, and in what way, the search for responsive information has been delimited or circumscribed on the basis of any such objection.

27.     Ambiguities. If in answering any Document request You encounter any ambiguity in construing either the request or a definition or instruction relevant to that request, set forth the matter deemed ambiguous and the construction selected or used in answering the request.

28.     E-mails. E-mails should be produced as single-page tiff images and corresponding document-level text files. The images should be produced with an Opticon .opt load file and a Concordance .dat file for the metadata (using Concordance standard delimiters).   E-mail attachments shall be handled according to the provisions below applicable to loose electronic documents. The following metadata should be produced for each e-mail: Begin Bates, End Bates, confidentiality designation, to, from, cc, bcc, date sent, date received, subject, number of attachments, begattach, endattach and custodian. For any document that is redacted, the producing party shall withhold any metadata that is the subject of the redaction, and provide OCR of the produced image as redacted.

29.     Electronic Documents. Word and other electronic documents shall be produced as single-page tiff images and corresponding document-level text files with an Opticon .opt load file and Concordance .dat file for the metadata. Load files shall include the following metadata: Begin Bates, End Bates, confidentiality designation, author, source, date created, last modified date, and original filename. If a document does not contain extractable text, the producing party shall provide OCR for that document. For any document that is redacted, the producing party shall withhold any metadata that is the subject of the redaction, and provide OCR of the produced image as redacted.

8

30. _Production of ESI in Native Format._ All Excel, database, audio or video files shall be produced natively. Native files shall be produced with a bates number. The native file should also be produced with a placeholder tiff image and an Opticon .opt load file and Concordance .dat file for accompanying metadata and placeholder image links. Load files shall include the following metadata: Begin Bates, End Bates, confidentiality designation, author, source, date created, last modified date, and original filename. The placeholder image should be branded with the bates number and any confidential branding.

31. _Hard Copy Documents._ Parties shall produce hard copy documents as singlepage tiff images and corresponding document-level text files with an Opticon .opt load file and 10 Concordance .dat file for the metadata. The following metadata should also be produced: Begin Bates, End Bates, confidentiality designation, and source. If a document does not contain extractable text, the producing party shall provide OCR for that document. For any document that is redacted, the producing party shall withhold any metadata that is the subject of the redaction, and provide OCR of the produced image as redacted.

## DOCUMENTS OR THINGS TO BE PRODUCED

1. Any and all documents, files, memoranda or other materials identifying all persons employed by or affiliated with You who participated in any meetings or business dealings, at any time, concerning Roy Smith, John Marcum, any Lifetrade Entity, the Lifetrade Portfolio of Policies, and/or any Lifetrade Underwriter.

2. Any and all documents, files, memoranda or other materials referring or relating to your representation of Lifetrade Entities, Portsmouth, and or Roy Smith.

3. The negotiation, drafting and signing of the 2012 Settlement Agreement, and each and every provision of the Settlement Agreement including but not limited to the provision

9

prohibiting Lifetrade Management from revealing Wells Fargo's motivations to Lifetrade shareholders or investors.

4.  The original, executed and/or draft versions, including amendments and modifications of:

   a.  The Nondisclosure Agreement related to Wells Fargo's acquisition of the Lifetrade Portfolio;

   b.  The March 25, 2011 reorganization of the Lifetrade Fund. BV involving Lifetrade Life Settlements Ltd.; and

   c.  The Settlement Agreement of August 14, 2012.

5.  Any and all documents, files, memoranda or other materials referring or relating to meetings and/or communications concerning the Lifetrade Funds, Lifetrade Entities, and/or Lifetrade Portfolio of Policies between or among You, Wells Fargo, and any other person or entity, including but not limited to:

   a.  Roy Smith, or any person associated with Roy Smith;

   b.  S&P, or any person associated with S&P;

   c.  Wells Fargo, or any person associated with Wells Fargo; and

   d.  Any Lifetrade Entity.

6.  Any and all documents, files, memoranda or other materials referring or relating to meetings and/or correspondence between or among you and any third party, including but not limited to: Smith, Marcum, anyone affiliated with Lifetrade, any Plaintiff, investor or broker, any bank or lending institution, or anyone else regarding the Lifetrade Settlement Agreement of 2012.

7. Any and all documents, files, memoranda or other materials referring or relating to meetings and/or correspondence with Smith or anyone else affiliated with any Lifetrade Entity, and You after the execution of the Settlement Agreement in August 2012.

8. Any and all documents, files, memoranda or other materials referring or relating to meetings and/or correspondence between or among you and any third party, including but not limited to: Smith, Marcum, anyone affiliated with Lifetrade, any Plaintiff, investor or broker, any bank or lending institution, or anyone else concerning the Shareholder Meeting in May 2012 and any communications with investors in January through May 2012.

9. Your document retention policies relevant to this action.

Dated: August 12, 2022

Respectfully submitted,

*/s/ Peter A. Kraus*
Peter A. Kraus
Charles Siegel (*pro hac vice*)
WATERS, KRAUS & PAUL
3141 Hood Street, Suite 700
Dallas, TX 75219
Telephone: (214) 357-6244

Michael Armitage (*pro hac vice*)
Jillian Rice-Loew (*pro hac vice*)
222 N Pacific Coast Highway
El Segundo, CA 90245
Telephone: (310) 414-8146

Steven Phillips
Diane Paolicelli
Victoria Phillips
Marc C. Gorrie (*pro hac vice*)
PHILLIPS &PAOLICELLI, LLP
747 Third Avenue, 6th Floor
New York, NY 10017
Telephone: (212) 388-5100

Richard L. Arnold (*pro hac vice*)
Richard Arnold Law
100 Crescent Court, 7th Floor
Dallas, TX 75201
Telephone (214) 459-2845

*Attorneys for Plaintiff*

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

IN RE LIFETRADE LITIGATION:

This Document Relates to All Actions,                    Case Number 1:17-cv-02987-JPO-KHP

                    Plaintiff.

------------------------------------------------------------X

### NON-PARTY WITHERS BERGMAN LLP'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS IN A CIVIL ACTION

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Civil Rules of the

United States District Court for the Southern District of New York, non-party Withers Bergman

LLP ("Withers") for its responses to the subpoena served upon it by Plaintiffs in the case entitled

In Re Lifetrade Litigation ("Lifetrade") (the "Subpoena"), states as follows:

### ENUMERATED OBJECTIONS

1.      Withers objects to the Subpoena on the grounds, and to the extent, that it is overly

broad and unduly burdensome especially because Withers is not a party to the underlying action,

and the Subpoena calls for the production of documents which are not material or necessary for

the prosecution or defense of this action and which are not proportional to the needs of the

action.

2.      Withers objects to the Subpoena to the extent that it, or any part of it, is

argumentative, or based on assumptions, allegations, or premises which are false, inaccurate,

disputed, or not conceded.  As a non-party to this action, Withers has no obligation to admit,

deny, or respond to any false, inaccurate, disputed or non-conceded assumption, allegations, or

premises embedded within any part of the Subpoena.  In responding to the Subpoena, Withers

does not concede the validity of any assumption, allegation, or premise stated or embedded

12273438/3

within the Subpoena, and its responses should not be construed as a representation or admission that Withers has any knowledge or information with respect to any of the allegations, defenses, contentions of the parties, facts and/or circumstances of the underlying litigation.

3.      Withers objects to the Subpoena to the extent it is vague and ambiguous.

4.      Withers objects to the Subpoena to the extent that it seeks the production of documents that are protected or immune from discovery, including, for example, documents within the scope of the attorney-client privilege or the work-product privilege or immunity; or documents which were prepared for, or in anticipation of, litigation; or documents protected by the joint-defense or joint-prosecution privilege.  Withers intends to, and does, claim privilege and immunity with respect to all such documents.  Withers will withhold from any production any documents that may reveal information covered by any of these privileges.  Any statement that Withers will produce documents means that documents falling within this Enumerated Objection, or any part of it, will not be produced.  The inadvertent production of any document which is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery of such information or the subject matter thereof.  Any production by Withers of a document or documents subject to such privilege or immunity is inadvertent, and Withers reserves the right to demand return of any such document or documents.

5.      Withers objects to the Subpoena, because and to the extent that  the Subpoena seeks documents which are, or may be, subject to a claim of  privilege or immunity by Withers' former clients, and/or by the estate of one of its former clients, Roy Smith, including, for example, documents within the scope of the attorney-client privilege or the work-product privilege or immunity; documents which were prepared for, or in anticipation of, litigation; or

documents protected by the joint-defense or joint-prosecution privilege.  Withers further objects to the Subpoena because (as Withers informed Plaintiffs after receipt of this Subpoena), on or about September 18, 2020, Withers transferred its files on this matter, via Sharefile, to John M. Sheftall, Esq. counsel for the estate of Withers' former client, Roy Smith.  For these reasons, during the initial meet-and-confer calls between Plaintiffs and Withers, it was agreed that Plaintiffs' counsel would seek a waiver of privilege from Withers' former clients and/or would seek to receive Withers' (transferred) files directly from Mr. Sheftall's firm, rather than imposing discovery costs on Withers, which is not a party to this action.  To the best of Withers' knowledge, such privilege waiver has not yet been obtained, and in any event, no such waiver has been delivered to Withers.  To the best of Withers' knowledge,  Plaintiffs' counsel has not yet made any efforts to obtain the transferred files from Mr. Sheftall's firm.  Under these circumstances, and given that Withers is not a party to this action, Withers maintains that these issues should be resolved between Plaintiffs and Withers' former clients before Withers is required to produce any responsive documents.  To the extent that Withers believes that any responsive document is subject to a claim of privilege or immunity by any of its former clients and/or by the estate of any former client, Withers will withhold such document from production, and Withers will withhold from any production any documents that may reveal information covered by any of these privileges.  Any statement that Withers will produce documents means that documents falling within this Enumerated Objection, or any part of it, will not be produced. The inadvertent production of any document which is privileged or otherwise immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery of such information or the subject matter thereof.  Any production by Withers of a

document or documents subject to such privilege or immunity is inadvertent, and Withers reserves the right to demand return of any such document or documents.

6.      Withers objects to the Subpoena to the extent it calls for the production of documents or compilations that mention, or refer to, or relate to, multiple clients, and thus are documents on which its other clients or former clients (other than the former clients associated with the Roy Smith matters) could claim privilege (in whole or in part), or which contain confidential information of other clients, which has no bearing on this action, and which should not be produced to Plaintiffs, and is thus immune from production. To the extent that Withers believes that any responsive document is subject (in whole or in part) to a claim of privilege by any other client or former client or is a confidence of any client or former client, which is unrelated to this case, or to the parties in this case, Withers will either withhold such document from production or redact the information that belongs to such other client.  Withers will withhold from any production, or redact any documents that may reveal information covered by any of these privileges or immunities.  Any statement that Withers will produce documents means that documents falling within this Enumerated Objection, or any part of it, will not be produced.  The inadvertent production of any document which is privileged, or immune from discovery as a client confidence unrelated to this case, or on any other basis, shall not constitute a waiver of any privilege or immunity or of any other ground for objecting to the discovery of such information or the subject matter thereof.  Any production by Withers of a document or documents subject to such privilege or immunity is inadvertent, and Withers reserves the right to demand return of any such document or documents.

7.      Withers objects to the Subpoena, because and to the extent that the Subpoena seeks information which contains "Protected Health Information" for purposes of the federal

Health Information Technology for Economic and Clinical Health Act (the "HITECH statute"), and/or medical information otherwise immune from disclosure. Absent a waiver from its former clients of any protections offered by the HITECH statute, or any similar statute, Withers will withhold from any production any documents that may reveal information covered by the HITECH, or any similar statute. Any statement that Withers will produce documents means that documents falling within this Enumerated Objection, or any part of it, will not be produced. The inadvertent production of any document subject to this Enumerated Objection shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery of such information or the subject matter thereof. Any production by Withers of a document or documents subject to this Enumerated Objection is inadvertent, and Withers reserves the right to demand return of any such document or documents.

8.      Withers objects to the Subpoena to the extent that the request for "all" documents concerning a specific subject or topic is unreasonable and unduly burdensome in this context, especially because Withers is a non-party.

9.      Withers objects to the Subpoena to the extent that it calls for the production of documents that are confidential, proprietary, and/or invade the privacy or confidences of Withers and/or its current and/or former clients.

10.     Withers objects to the Subpoena to the extent that the documents sought are unreasonably cumulative or duplicative or already in Plaintiffs' possession.

11.     Withers objects to the Subpoena to the extent it seeks production of documents that are publicly available and/or available from a more logical source, including the parties to the action, that would be more convenient, less burdensome, and less expensive, or to the extent

that the request purports to require Withers to make a burdensome and expensive search, which

outweighs its likely benefit, especially because Withers is a non-party.

12.     Withers objects to the Subpoena to the extent it seeks documents without a date

range.

13.     Withers objects to the Subpoena to the extent it purports to impose obligations on

Withers beyond those applicable under the Federal Rules of Civil Procedures, the Local Rules,

and any other applicable law and rules.

14.     Withers' failure to object on a particular ground or grounds shall not be construed

as a waiver of its right to object on any other ground or grounds in the future, and Withers

reserves the right to amend and/or supplement its Responses and Objections consistent with

further investigation.

## TERMS AND CONDITIONS

Subject to, limited by and without waiving the foregoing Enumerated Objections and the

Specific Objections stated below, Withers asserts the following terms and conditions:

1.      Any statement that Withers will produce documents, and any objection or lack

thereof in response to an individual request (each a "Request"), definition, or instruction is not a

representation that any responsive, non-privileged documents actually exist within Withers'

custody, possession, or control but rather that Withers will make a good faith and reasonable

search and attempt to ascertain whether such documents exist.

2.      Any statement that Withers will produce documents "subject to" or "limited by"

an objection or objections means that the production may be limited by the objection or

objections, and that documents falling within the objection or objections may not be produced.

3.      Inadvertent production or disclosure by Withers of any information or

document(s) containing information that is confidential, privileged, prepared in anticipation of

litigation or for trial, or is otherwise immune from discovery, shall not constitute a waiver of any

such privilege or of any ground for objection to discovery with respect to such document(s),

information or the subject matter thereof, or the information contained therein, or of Withers'

and/or its former clients', and/or the estate of its former clients' rights to retrieve the document(s)

or information and/or to object to use of any such document(s) or information during any

subsequent proceeding or trial in this action.

4.      Withers reserves the right to supplement, alter, amend, and update its responses if

necessary or appropriate.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO DOCUMENT REQUESTS

The foregoing Enumerated Objections and the foregoing Terms and Conditions apply to

each of the specific requests and are incorporated by reference in each of the specific responses

and objections.  In response to certain requests, Withers may restate one or more of its objections

for clarity or emphasis.  The lack of such specific references and/or the provision of specific

responses and objections stated below, however, are not intended as, and shall not be deemed to

be, a waiver, either in whole or in part, of any of the foregoing Enumerated Objections or Terms

and Conditions and, subject to and without waiving them, Withers further responds and objects

to each individual request as follows:

## DOCUMENT REQUEST 1

Any and all documents, files, memoranda or other materials identifying all persons employed by or
affiliated with You who participated in any meetings or business dealings, at any time, concerning
Roy Smith, John Marcum, any Lifetrade Entity, the Lifetrade Portfolio of Policies, and/or any
Lifetrade Underwriter.

## RESPONSE TO REQUEST 1

Withers repeats and restates Enumerated Objections 1-13 as if fully set forth herein.  In

addition to its Enumerated Objections, Withers objects to this Request as being vague and

ambiguous, potentially argumentative vastly overbroad and unduly burdensome, especially in light of the fact that Withers is a non-party, and that demand for "Any and all documents, files, memoranda, or other materials," which could identify any persons who participated in any meeting or business dealings concerning various entities is likely to encompass a large number of documents, which merely mention certain people, and read literally could encompass every document in Withers' protection in any way related to the named persons or entities, regardless of whether or not they are related to this action.  Withers further objects to the Request on the ground that it is vague and ambiguous in that its unclear whether Plaintiffs seek information about the identity of Withers personnel who participated in these activities in the court of the representation of Withers' former clients, or whether Plaintiffs seek information about Withers personnel (if any) who engaged in business dealings with the listed entities outside of a representative capacity.  Withers further objects to this Request to the extent that it seeks documents and communications that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from production. Subject to, limited by, and without waiver of its Enumerated and Specific Objections, Withers asks to meet and confer with Plaintiffs' counsel to determine the meaning of this Request, and (depending on what Plaintiffs meant) whether a response can be limited to production of a limited set of documents sufficient to identify the persons at issue, rather than any and all documents that happen to mention the name of any such person, to the extent that can be done without violation of any privilege or immunity belonging to Withers' former clients.

## DOCUMENT REQUEST 2

Any and all documents, files, memoranda or other materials referring or relating to your representation of Lifetrade Entities, Portsmouth, and or Roy Smith.

## RESPONSE TO REQUEST 2

Withers repeats and restates Enumerated Objections 1-13 as if fully set forth herein.  In addition to all of its Enumerated Objections, Withers objects to this Request, as being vague and ambiguous and potentially vastly overly broad and unduly burdensome, as it appear to demand all of Withers' files, documents, or communications concerning its former clients, regardless of privilege or immunity, and regardless of whether or not such files, documents, or communications have any bearing on any of the claims or defenses of any party to this action, or on the subject matter of the action, and it thus palpably improper and overbroad.  Withers further objects to this Request to the extent that it seeks documents and communications that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from production.  As a non-party to this action, Withers should not be put to such unreasonable burden.  Based on its Enumerated and Specific Objections, Withers will not search for or produce documents responsive to this Request.

## DOCUMENT REQUEST 3

The negotiation, drafting and signing of the 2012 Settlement Agreement, and each and every provision of the Settlement Agreement including but not limited to the provision prohibiting Lifetrade Management from revealing Wells Fargo's motivations to Lifetrade shareholders or investors.

## RESPONSE TO REQUEST 3

Withers repeats and restates Enumerated Objections 2, 3, 4, 5, 6, 8, 9, 10, 11, and 13 as if fully set forth herein.  In addition to these Enumerated Objections, Withers objects to this Request as being vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the action, and to the extent it seeks documents and communications that are already in the possession, custody, and control of the parties to the action.  Withers further objects to this Request as vague and ambiguous.  Withers further objects to this Request to the extent that it

seeks documents and communications that are protected from disclosure by the attorney-client

privilege, attorney work product doctrine, or any other privilege or immunity from production.

Subject to, limited by, and without waiving any of the foregoing objections, Withers will

produce documents responsive to this Request, to the best of Withers' ability to interpret it, and

to the extent any such non-privileged documents exist within its custody, possession, or control,

and are located after a reasonable search.

## DOCUMENT REQUEST 4

The original, executed and/or draft versions, including amendments and modifications of:
  a. The Nondisclosure Agreement related to Wells Fargo's acquisition of the Lifetrade Portfolio;
  b. The March 25, 2011 reorganization of the Lifetrade Fund. BV involving Lifetrade Life Settlements Ltd.; and
  c. The Settlement Agreement of August 14, 2012.

## RESPONSE TO REQUEST 4

Withers repeats and restates Enumerated Objections 2, 3, 4, 5, 6, 8, 9, 10, 11, and 13 as if

fully set forth herein.  In addition to these Enumerated Objections, Withers objects to this

Request as being vague, ambiguous, overly broad, unduly burdensome, and not proportional to

the needs of the action, and to the extent it seeks documents and communications that are already

in the possession, custody, and control of the parties to the action.  Withers further objects to this

Request to the extent that it seeks documents and communications that are protected from

disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege

or immunity from production.  Withers further objects to this Request as vague and ambiguous.

Subject to, limited by, and without waiving any of the foregoing objections, Withers will

produce documents responsive to this Request, to the best of its ability to interpret it, to the

extent any such non-privileged documents exist within its custody, possession, or control, and

are located after a reasonable search.

10

## DOCUMENT REQUEST 5

Any and all documents, files, memoranda or other materials referring or relating to meetings and/or communications concerning the Lifetrade Funds, Lifetrade Entities, and/or Lifetrade Portfolio of Policies between or among You, Wells Fargo, and any other person or entity, including but not limited to:
   a.  Roy Smith, or any person associated with Roy Smith;
   b.  S&P, or any person associated with S&P;
   c.  Wells Fargo, or any person associated with Wells Fargo; and
   d.  Any Lifetrade Entity.

## RESPONSE TO REQUEST 5

Withers repeats and restates Enumerated Objections 2, 3, 4, 5, 6, 8, 9, 10, 11, and 13 as if fully set forth herein.  In addition to these Enumerated Objections, Withers objects to this Request as being vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the action, and to the extent it seeks documents and communications that are already in the possession, custody, and control of the parties to the action.  Withers further objects to this Request to the extent that it seeks documents and communications that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from production.  Withers further objects to this Request as vague and ambiguous, in that it requires Withers to determine whether certain people were associated with other people, which is information not necessarily within Withers' possession.  Subject to, limited by, and without waiving any of the foregoing objections, Withers will produce documents responsive to this Request, to the best of its ability to interpret it, to the extent any such non-privileged documents exist within its custody, possession, or control, and are located after a reasonable search.

## DOCUMENT REQUEST 6

Any and all documents, files, memoranda or other materials referring or relating to meetings and/or correspondence between or among you and any third party, including but not limited to: Smith, Marcum, anyone affiliated with Lifetrade, any Plaintiff, investor or broker, any bank or lending institution, or anyone else regarding the Lifetrade Settlement Agreement of 2012.

## RESPONSE TO REQUEST 6

Withers repeats and restates Enumerated Objections 2, 3, 4, 5, 6, 8, 9, 10, 11, and 13 as if fully set forth herein.  In addition to these Enumerated Objections, Withers objects to this Request as being vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the action, and to the extent it seeks documents and communications that are already in the possession, custody, and control of the parties to the action.  Withers further objects to this Request to the extent that it seeks documents and communications that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from production.  Withers further objects to this Request as vague and ambiguous with respect to the term "any third party," and in that it requires Withers to determine whether certain people were affiliated with other people, which is information not necessarily within Withers' possession.  Subject to, limited by, and without waiving any of the foregoing objections, Withers will produce documents responsive to this Request, to the best of its ability to interpret it, to the extent any such non-privileged documents exist within its custody, possession, or control, and are located after a reasonable search.

## DOCUMENT REQUEST 7

Any and all documents, files, memoranda or other materials referring or relating to meetings and/or correspondence with Smith or anyone else affiliated with any Lifetrade Entity, and You after the execution of the Settlement Agreement in August 2012.

## RESPONSE TO REQUEST 7

Withers repeats and restates Enumerated Objections 1-13 as if fully set forth herein.  In addition to all of its Enumerated Objections, Withers objects to this Request, as being vague and ambiguous and potentially vastly overly broad and unduly burdensome, as it appear to demand all of Withers' files, documents, or communications concerning its former clients, after a specific date, regardless of privilege or immunity, and regardless of whether or not such files, documents,

or communications have any bearing on any of the claims or defenses of any party to this action, or on the subject matter of the action, and it thus palpably improper and overbroad. Withers further objects to this Request to the extent that it seeks documents and communications that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from production. As a non-party to this action, Withers should not be put to such unreasonable burden. Subject to, limited by, and without waiver of its Enumerated and Specific Objections, Withers asks to meet and confer with Plaintiffs' counsel to determine the meaning, and potential additional limitations necessary to render this Request reasonable.

## DOCUMENT REQUEST 8

Any and all documents, files, memoranda or other materials referring or relating, to meetings and/or correspondence between or among you and any third party, including but not limited to: Smith, Marcum, anyone affiliated with Lifetrade, any Plaintiff, investor or broker, any bank or lending institution, or anyone else concerning the Shareholder Meeting in May 2012 and any communications with investors in January through May 2012.

## RESPONSE TO REQUEST 8

Withers repeats and restates Enumerated Objections 2, 3, 4, 5, 6, 8, 9, 10, 11, and 13 as if fully set forth herein. In addition to these Enumerated Objections, Withers objects to this Request as being vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the action, and to the extent it seeks documents and communications that are already in the possession, custody, and control of the parties to the action. Withers further objects to this Request to the extent that it seeks documents and communications that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from production. Withers further objects to this Request as vague and ambiguous with respect to the terms "any third party," and "anyone else," and in that it requires Withers to determine whether certain people were affiliated with other people, which is information not

necessarily within Withers' possession. Subject to, limited by, and without waiving any of the

foregoing objections, Withers will produce documents responsive to this Request, to the best of

its ability to interpret it, to the extent any such non-privileged documents exist within its custody,

possession, or control, and are located after a reasonable search.

## DOCUMENT REQUEST 9

Your document retention policies relevant to this action.

## RESPONSE TO REQUEST 9

Withers repeats and restates Enumerated Objections 1, 2, 4, 9, 12 and 13 as if fully set

forth herein. Withers further objects to this Request as not necessary to this action or to the

needs of the case, because Withers is not a party to the action, because Plaintiffs have not

established that any relevant documents have been destroyed, and also because Withers has

already informed Plaintiffs that on or about September 18, 2020 Withers transferred its files on

this matter, via Sharefile, to John M. Sheftall, Esq. counsel for the estate of Withers' former

client, Roy Smith. Based on its Enumerated and Specific Objections, Withers will not search for

or produce documents responsive to this Request.


Dated: May 2, 2023                                  WITHERS BERGMAN LLP
       New York, New York


By: _____
     Chaya E. Weinberg-Brodt
     430 Park Avenue, 10th Floor
     New York, NY  10022-3505
     Phone: (212) 848-9800
     *Pro-Se for Non-Party Withers Bergman LLP*