UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IN RE LIFETRADE LITIGATION:

------------------------------------------------------------------X

**ORDER**

17-CV-2987 (JPO)(KHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/21/2023

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Wells Fargo Defendants filed motions to seal in connection to their cross-motion to enforce the jury waiver in opposition to Plaintiff's motion to designate this action triable by jury. (ECF No. 1078, 1114.) The documents are 33 exhibits annexed to the Carrero Declaration in support of their cross-motion to enforce the jury waiver and three more in reply. (ECF Nos. 1077, 1116.) Wells Fargo Defendant states these documents should be sealed because they were produced in discovery with a "confidential designation".

The parties have also filed motions to seal in connection to a letter motion requesting discovery. (ECF Nos. 1118, 1126.) On July 10, 2023, Plaintiffs filed a letter motion to seal Exhibit I, an excerpted draft transcript of Dan Norton's deposition, that was filed in connection with Plaintiffs' motion to compel to reopen Norton's deposition and for information regarding Wells Fargo counsel's representation of Norton or Antonio Com. (ECF No. 1118.) On July 12, 2023, Wells Fargo Defendants sought to seal three exhibits, Exhibits A, B, and C, under seal including excerpts of the Norton deposition transcript and retainer agreements between Jones Day and Com and Jones Day and Norton. (ECF No. 1126.) The underlying letter motion was resolved on July 13, 2023 at a case management conference where Plaintiffs represented that they were withdrawing the letter motion to compel. (ECF No. 1130.)

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a

2

motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

## APPLICATION

### A. Motions to Seal related to Motion for Jury Trial

The documents in question are "judicial documents" in which the presumption of public access attaches because they are filed items submitted in connection with a motion to enforce a jury waiver. Because these documents are not submitted in connection with a dispositive motion or regarding material introduced at trial, the weight accorded to the presumption of

public access here is somewhat lower. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). However, since it is filed in connection with the parties' substantive legal right to a jury trial, there is still a strong presumption of public access. *See Olson*, 29 F.4th at 90.

Here, Wells Fargo Defendant only requests sealing the 33 documents attached to the initial Carerro Declaration filed in support of its motion because they have been designated as confidential between Wells Fargo and Plaintiff. (ECF No. 1077.) Upon the Court's review of the materials sought to be filed under seal, most are not confidential, have already been disclosed, or involve deals made with Lifetrade, who is now defunct, over a decade prior. For example, Exhibits 1-11 are various documents related to the loan agreement between Lifetrade and Wells Fargo that is the subject of this dispute and the terms of which have already been revealed in this litigation. The remaining exhibits 12-33 are emails regarding the settlement agreement, drafts of the settlement agreement, and various legal back and forth over the agreement. Neither Wells Fargo nor Plaintiffs make any attempt to identify any dangers or privacy risks as outlined in Lugosch and its progeny that outweigh the presumption of public access. Documents marked confidential in discovery do not automatically warrant filing under seal. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015). Accordingly, the letter motion to seal at ECF No. 1078 is denied.

As to the three documents that are attached to the Carrero Declaration in reply, Wells Fargo Defendants also only request sealing the documents because they have been designated as confidential between Wells Fargo and Plaintiff. Exhibits 34 and 35 are transcripts from depositions of John Marcum that Wells Fargo argues should be sealed because they are

automatically treated as confidential for 30 calendar days after receipt of the final deposition transcript. Because it is well over 30 days from the July 7, 2023 letter motion to seal and Exhibits 34 and 35 are not specified to be draft transcripts, the presumption of public access outweighs this privacy concern. As discussed above, Wells Fargo makes no attempt to identify any dangers or privacy risks that outweigh the presumption of public access with Exhibit 36. Exhibit 36 is another email exchange between Marcum and Lifetrade attorneys regarding settlement agreement terms. As discussed above documents marked confidential in discovery do not automatically warrant filing under seal. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015). The Court also finds no other reason to seal discussions related to terms of a settlement agreement that have now largely been publicly revealed. Accordingly, the letter motion to seal at ECF No. 1114 is denied.

**B. Motions to Seal related to Letter Motion regarding Com and Norton**

The documents in question are "judicial documents" in which the presumption of public access attaches because they are filed items submitted in connection with a letter motion for discovery. Because these documents are not submitted in connection with a dispositive motion but a letter motion for discovery, the weight accorded to the presumption of public access is "not particularly great." *Alexander Interactive, Inc. v. Adorama, Inc.,* 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014).

After review, the Court is satisfied that sealing Exhibit I is proper under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Given the nature of the document as a rough draft and the fact that the letter motion is not a dispositive motion but a discovery

motion, the public presumption of access is lower than the parties' interest in reviewing the deposition transcript prior to public disclosure.  Therefore, the letter motion at ECF No. 1120 may remain under seal.

The Court is also satisfied that sealing Exhibits A-C at ECF No. 1125 is proper.  Wells Fargo Defendants argue that the documents should be filed under seal because they contain Com and Norton's confidential information and Wells Fargo's business practices.  After review, the Court is satisfied that the interest of keeping the personal information of nonparties Com and Norton is greater than the public presumption of access to documents filed with a letter motion for discovery that was not decided by the Court but withdrawn by the parties.  Therefore, the letter motion at 1128 may remain under seal.

**In accordance with the above, the Clerk of the Court is respectfully requested to unseal ECF Nos. 1079 and 1117.  The Clerk of the Court is also requested to close the letter motions at ECF Nos. 1078, 1114, 1118, 1126.**

**SO ORDERED.**

Dated: September 21, 2023
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge