```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  IN RE LIFETRADE LITIGATION:                    ORDER

                                                 17-CV-2987 (JPO)(KHP)



-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The parties have filed motions to seal in connection to letter motions regarding discovery and a motion to strike. (ECF Nos. 1131, 1134, 1138, 1141.)

On July 17, 2023, Plaintiffs filed a letter motion to seal Exhibits A and B, which were excerpts of the transcript of the Michael Thomas deposition and a Problem Loan Report document entered as an exhibit in Thomas' deposition, which were filed in connection with Plaintiffs' motion to compel documents regarding Wells Fargo's evaluation of "problem" loans. (ECF No. 1131.) Plaintiffs stated that the Exhibits should be sealed because they were designated Confidential by Defendants. On July 20, 2023, Wells Fargo Defendants sought to seal their letter motion in opposition and seven exhibits, Exhibits 1-7 in connection to their opposition to Plaintiff's letter motion. (ECF No. 1134.) The documents are excerpts of depositions of Thomas, Reggie Dawson, Jeffrey Petri, and Derek Flowers. Defendants argue that the letter motion should be sealed because it quotes from a document that is designated confidential and contains sensitive business information of Defendants. Defendants also argue the exhibits are designated confidential and contain sensitive business information.

On July 26, 2023, Wells Fargo Defendants filed a motion to seal exhibits in connection with their letter motion to strike the declaration of Masayuki Bunya. (ECF No. 1138.) Defendants requested to seal Exhibit 1, excerpts of the 30(b)(6) deposition of Bunya of Plaza

Asset Management, and Exhibit 3 and Exhibit 4, which were emails regarding Lifetrade and Plaza Asset Management.  Defendants seek to seal the exhibits because they were designated confidential.  On July 27, 2023, Plaintiffs moved to seal Exhibit B, an email from Don Solow to John Marcum and others at Lifetrade, in connection with their opposition, arguing that it warranted sealing because it contained personally identifiable information.  (ECF No. 1141.)

## LEGAL FRAMEWORK

The common law and the First Amendment accord a presumption of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis.  First, the court must determine whether the document is in fact a judicial document.  A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119).  When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches.  The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."

*Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

3

## APPLICATION

### A. Motions to Seal related to Letter Motion regarding Wells Fargo Defendants' Credit Ratings

The documents in question are "judicial documents" in which the presumption of public access attaches because they are filed items submitted in connection with a letter motion for discovery. Because these documents are not submitted in connection with a dispositive motion or regarding material introduced at trial, the weight accorded to the presumption of public access here is somewhat lower. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

Upon the Court's review of the materials sought to be filed under seal, most are not confidential or have already been disclosed. The deposition transcripts all contain descriptions of Wells Fargo's credit rating procedures. They broadly describe the existence of a process for identifying and handling "problem" loans but does not contain sensitive business information. The Problem Loan reports at Exhibit B and Exhibit 1 similarly involve details of the Lifetrade loan that have largely been revealed throughout this litigation. Neither Wells Fargo nor Plaintiffs make any attempt to identify any dangers or privacy risks as outlined in Lugosch and its progeny that outweigh the presumption of public access besides broadly stating that the documents contain sensitive business information. Documents marked confidential in discovery do not automatically warrant filing under seal. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015). Accordingly, the letter motion to seal at ECF No. 1131 and 1134 is denied, and the letter motions at ECF Nos. 1132 and 1136 should be unsealed.

**B. Motions to Seal related to Letter Motion to Strike Bunya Declaration**

The documents in question are "judicial documents" in which the presumption of public access attaches because they are filed items submitted in connection with a motion to enforce a jury waiver. Because these documents are not submitted in connection with a dispositive motion or regarding material introduced at trial, the weight accorded to the presumption of public access here is somewhat lower. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

Upon the Court's review of the materials sought to be filed under seal, the Court finds that they are not confidential. Exhibits 1, 3, and 4 do not contain confidential information that defeats the public presumption of access. However, Exhibit 1 contains some personally identifying information about Bunya, including his address and date of birth, which should be redacted and refiled. Neither Wells Fargo nor Plaintiffs make any attempt to identify any dangers or privacy risks as outlined in Lugosch and its progeny that outweigh the presumption of public access besides that the documents were marked confidential in discovery. As far as Plaintiffs' opposition, Plaintiffs argued that Exhibit B of Plaintiffs' opposition should be sealed because it contained personally identifiable information. However, Plaintiffs' letter motion mostly quotes from the email and was filed publicly. The other portions of the email simply detail his travel plans from more than ten years prior. Therefore, this does not contain the type of personally identifiable information that defeats a public presumption of access. Accordingly, the letter motions to seal at ECF No. 1138 and 1141 is denied, and the letter motion at ECF No. 1142 should be unsealed. However, Wells Fargo Defendants shall redact Exhibit 1 of the letter motion at ECF No. 1139 and refile according to this order.

**In accordance with the above, the Clerk of the Court is respectfully requested to close the letter motions to seal at ECF Nos. 1131, 1134, 1138, 1141.  The Clerk of the Court is also respectfully requested to unseal ECF Nos. 1132, 1136, and 1142.**

**By October 2, 2023, Wells Fargo Defendants shall redact and refile ECF No. 1139.**

**SO ORDERED.**

Dated: September 25, 2023
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge