UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIFETRADE LITIGATION<br><br>This Document Relates to: All Actions | 17-CV-2987 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

On September 25, 2023, the Court issued an opinion and order disposing of (1) Wells Fargo's early motion for summary judgment on the statute of limitations and lack of derivative standing (ECF No. 951); (2) Plaintiffs' cross-motion for partial summary judgment striking Wells Fargo's affirmative defenses (ECF No. 982); and (3) John Marcum's motion to dismiss Wells Fargo's third-party complaint (ECF No. 972). In that opinion and order, the Court denied Wells Fargo's early motion for summary judgment, granted Plaintiffs' motion for partial summary judgment, and denied John Marcum's motion to dismiss. *See In re Lifetrade Litig.*, No. 17-CV-2987, 2023 WL 6215332, (S.D.N.Y. Sept. 25, 2023) (ECF No. 1161 ("Opinion")). Wells Fargo now moves for reconsideration and clarification of the Court's denial of Wells Fargo's motion for summary judgment and grant of Plaintiffs' motion for partial summary judgment. (ECF No. 1168.)

**I.    Legal Standard**

Wells Fargo brings its motion under Local Rule 6.3 of this Court, as well a Federal Rules of Civil Procedure 54(b) and 60(a).

**A.    Rule 54(b) Motion**

"Motions for reconsideration are . . . committed to the sound discretion of the district court." *Wilder v. News Corp.*, No. 11-CV-4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (quoting *Liberty Media Corp. v. Vivendi Universal, S. A.*, 861 F. Supp. 2d 262, 265

1

(S.D.N.Y. 2012)).  "Federal Rule of Civil Procedure 54(b) provides that 'any order or other decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'"  *Vornado Realty Tr. v. Castlton Env't Contractors, LLC*, No. 08-CV-4823, 2013 WL 5719000, at *1 (E.D.N.Y. Oct. 18, 2013).  "'A district court' always has 'inherent authority' to 'reconsider its own interlocutory orders.'"  *WFMC 2016-LC25 W. Bay Area Boulevard LLC v. Tyler*, No. 21-CV-8865, 2022 WL 17487730, at *4 (S.D.N.Y. Dec. 7, 2022) (citing *Schiff v. Yayi Int'l Inc.*, No. 15-CV-359, 2020 WL 3893345, at *3 (S.D.N.Y. July 9, 2020)); *see also United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982).

However, "[e]ven if Rule 54(b) allows parties to request district courts to revisit earlier rulings, the moving party must do so within the strictures of the law of the case doctrine." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992).  While "a party may not advance new facts, issues or arguments not previously presented to the Court," *Steinberg v. Elkman*, No. 15-CV-278, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)), reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, No. 15-CV-9248, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (quoting *Hollander v. Members of the Bd. of Regents*, 524 Fed. App'x. 727, 729 (2d Cir. 2013)).

B.     **Rule 60(a) Motion**

"Rule 60(a) allows for the correction of clerical mistakes, oversights, and omissions in order to 'implement the result intended by the court at the time [an] order was entered.'" *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (summary order) (quoting

*Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150 (2d Cir. 1999)).  A motion to correct a clerical error may be made "at any time" because when "the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated[,] . . . the goals of finality and repose are outweighed by the equitable goal of allowing a party who has in fact established his right to relief to receive that relief." *In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986).  "However, a court acting pursuant to Rule 60(a) may not make 'changes that alter the original meaning [of an order] to correct a legal or factual error.'" *Weiming Chen*, 595 F. App'x at 80 (quoting *Rezzonico*, 182 F.3d at 151).

## II. Discussion

### A. The Court's Holding on Plaintiffs' Derivative Standing to Sue Wells Fargo

Wells Fargo requests that the Court reconsider its holding that domestic law—as opposed to Curaçao or British Virgin Island (BVI) law—applies to the question of whether Plaintiffs have derivative standing to sue Wells Fargo.  In its Opinion, the Court reasoned that: (1) the internal affairs doctrine is not applicable to Plaintiffs' claims against Wells Fargo; (2) even if the internal affairs doctrine were applicable, under the Second Circuit's flexible approach to the application of the internal affairs doctrine, the interest analysis would still point to domestic law; and (3) in any event, Wells Fargo is judicially estopped from arguing that Curaçao or BVI law applies to Plaintiffs' claims against Wells Fargo after it benefitted from its prior, contrary position that the interest analysis pointed to New York or Delaware law.  (Opinion at 4-7.)

The Court first considers whether it erred in concluding that the internal affairs doctrine is inapplicable to Plaintiffs' claims against Wells Fargo.  "The 'internal affairs doctrine'—a species of interest analysis—provides that the place of incorporation generally has the greatest interest in having its law apply to questions regarding the internal affairs of a corporation, such as 'the relationship between shareholders and directors.'"  *Hau Yin To v. HSBC Holdings, PLC*,

3

700 F. App'x 66, 68-69 (2d Cir. 2017) (summary order) (collecting cases).  "The internal affairs doctrine . . . recognizes that only one State should have the authority to regulate a corporation's internal affairs . . . because otherwise a corporation could be faced with conflicting demands." *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982) (citing Restatement (Second) of Conflict of Laws § 302, Comment b, pp. 307-08 (1971)).  The internal affairs doctrine "typically requires a court to consider the law of the place of incorporation to decide a shareholder standing issue." *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 400 n.8 (S.D.N.Y. 2010) (citation omitted).

Wells Fargo contends that the Court relied on abrogated case law in declining to apply the internal affairs doctrine to the question of whether Plaintiffs have standing to bring derivative claims against Wells Fargo.  (ECF No. 1168 at 4.)  In particular, Wells Fargo contends that the Court erred in relying on *Culligan Soft Water Co. v. Clayton Dubilier & Rice LLC*, 118 A.D.3d 422, 422 (1st Dep't 2014), because the New York Appellate Division, First Department subsequently rejected the *Culligan*'s holding that "the internal affairs doctrine applies only to officers and directors *at the time of the lawsuit*."  *See Eccles v. Shamrock Cap. Advisors, LLC*, 209 A.D.3d 486, 487 (1st Dep't 2022) (emphasis added).  Wells Fargo misunderstands the proposition for which the Court cited *Culligan* in its Opinion, as well as the First Department's subsequent decision in *Eccles*.  Wells Fargo is correct that in *Eccles*, the First Department rejected *Culligan*'s holding that the internal affairs doctrine applies only to claims against current directors and officers at the time of the lawsuit:

> We reject plaintiff's argument that the internal affairs doctrine applies only to officers and directors at the time of the lawsuit. Rather, the question is whether defendants were "current officers [or] directors" at the time of the events giving rise to the lawsuit . . . To the extent our past decisions could be interpreted as suggesting

4

> otherwise we clarify that the internal affairs doctrine applies to an officer or director at the time of the conduct at issue.

*Eccles*, 209 A.D.3d at 487. This distinction between "current" and "former" officers and directors is irrelevant here, as Wells Fargo is not, nor has it ever been, an "officer or director" of Lifetrade. The Court did not cite *Culligan* for the proposition that the internal affairs doctrine applies only with respect to current officers and directors at the time of the lawsuit; rather, the Court cited *Culligan* for the proposition that the internal affairs doctrine applies only with respect to officers and directors of the funds, which Wells Fargo is not.

Wells Fargo further contends that recent case law requires the Court to apply the internal affairs doctrine to the question of whether Plaintiffs have derivative standing to bring their aiding and abetting and unconscionability claims against Wells Fargo. (ECF No. 1168 at 6-7.) Wells Fargo cites several cases in which courts have applied the internal affairs doctrine to aiding and abetting claims. *See, e.g.*, *Haussmann as Tr. of Konstantin S. Haussmann, Tr. v. Baumann*, 217 A.D.3d 569 (1st Dep't 2023); *Hau Yin To v. HSBC Holdings PLC*, No. 15-CV-3590, 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir. 2017) (summary order); *Buckley v. Deloitte & Touche USA LLP*, No. 06-CV-3291, 2007 WL 1491403, at *13 (S.D.N.Y. May 22, 2007). However, other courts have reasoned that the internal affairs doctrine does not apply to aiding and abetting claims. *See, e.g.*, *Eccles*, 209 A.D.3d at 488 ("the internal affairs doctrine does not apply to aiding and abetting claims."); *see also New Greenwich Litig. Tr., LLC v. Citco Fund Servs. (Eur.) B.V.*, 145 A.D.3d 16, 22-23 (1st Dep't 2016) ("[The] internal affairs doctrine does not apply where the rights of third parties external to the corporation are at issue, *e.g.*, contracts and torts . . . . [The Court] reject[s] the application of the internal affairs doctrine to . . . defendants who are outside administrators and auditors, i.e. contractual agents or third parties external to the funds."); *LaSala v. Bank of Cyprus Pub. Co.*, 510 F. Supp. 2d 246, 266 n.7

5

(S.D.N.Y. 2007) ("[W]hile the jurisdiction of incorporation is usually appropriate for claims against directors for breaching a fiduciary duty, it is not appropriate for aiding and abetting claims. . . . Thus, normal interest analysis is appropriate . . . for plaintiffs' aiding and abetting claim.); *In re Adelphia Commc'ns Corp.*, 365 B.R. 24, 40 (Bankr. S.D.N.Y. 2007) (collecting cases), *aff'd in part sub nom. Adelphia Recovery Tr. v. Bank of Am., N.A.*, 390 B.R. 64 (S.D.N.Y. 2008), *adhered to on reconsideration*, No. 05-CV-9050, 2008 WL 1959542 (S.D.N.Y. May 5, 2008). Wells Fargo does not cite any case law from the New York Court of Appeals or the Second Circuit conclusively determining whether the internal affairs doctrine applies to claims against entities like Wells Fargo that are not officers or directors.

Even if the Court were to conclude that the case law weighs in favor of applying the internal affairs doctrine to Plaintiffs' claims against Wells Fargo, the Court's conclusion that the interest analysis points to domestic law would remain unchanged. "The Second Circuit has endorsed a more flexible approach in place of applying the [internal affairs] doctrine as a bright-line rule in New York." *Anwar*, 728 F. Supp. 2d at 400 n.8 (citing *Norlin Corp. v. Rooney*, 744 F.2d 255, 263 (2d Cir.1984) (discussing considerations that may override application of the internal affairs doctrine)). Wells Fargo contends that the Second Circuit's flexible approach to applying the internal affairs doctrine is "outdated." (ECF No. 1168 at 5.) Wells Fargo's reading of Second Circuit precedent is incorrect. To the contrary, recent case law confirms that "[t]he New York Court of Appeals has rejected any automatic application of the so-called internal affairs choice-of-law rule." *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, No. 22-CV-08842, 2024 WL 398094, at *10 (S.D.N.Y. Feb. 2, 2024) (citing *Norlin Corp.*, 744 F.2d at 263) (internal quotation marks omitted); *see also Hau Yin To*, 700 F. App'x at 69 ("New York courts reject a per se application of the internal affairs doctrine."). While "[i]n cases in other jurisdictions, there

6

appears to be some tendency, where officers or directors of a corporation are involved, to make automatic reference to the state of incorporation's laws, without engaging in any weighing of interests[,] [i]n New York, . . . such automatic reference is rejected." *Citibank, N.A.*, 2024 WL 398094, at *10 (citing *Tyco Int'l, Ltd. v. Kozlowski*, 756 F. Supp. 2d 553, 560 (S.D.N.Y. 2010). "Instead, under New York law, the state of incorporation 'is applied only as one factor in an analysis where the law of the state with the greatest interest in the issue governs.'" *Id.* (citing *In re MF Glob. Holdings Ltd. Inv. Litig.*, 998 F. Supp. 2d 157, 179 (S.D.N.Y. 2014), *aff'd*, 611 F. App'x 34 (2d Cir. 2015) (summary order)). As the Court explained in its Opinion, under the Second Circuit's flexible approach to applying the internal affairs doctrine, the interest analysis points to domestic law. All of Wells Fargo's conduct occurred within the United States, and the United States thus has the greater interest in Plaintiffs' claims against Wells Fargo. *See In re MF Glob. Holdings Ltd. Inv. Litig.*, 998 F. Supp. 2d 157, 180 (S.D.N.Y. 2014), *aff'd sub nom. In re MF Glob. Holdings Ltd. Inv. Litig. (DeAngelis v. Corzine)*, 611 F. App'x 34 (2d Cir. 2015); *Anwar*, 728 F.Supp.2d at 400 n.8; *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 446 F.Supp.2d 163, 194 (S.D.N.Y.2006).

      Wells Fargo "does not dispute that New York or Delaware law applies to provide the substantive law for the two remaining causes of action asserted against it" but argues that "as for the separate issue of derivative standing, that interest analysis points only to foreign law." (ECF No. 1168 at 9.) This is an incorrect understanding of the internal affairs doctrine. As discussed above, the internal affairs doctrine is a "species of interest analysis" that "provides that the place of incorporation generally has the greatest interest in having its law apply to questions regarding the internal affairs of a corporation." *Hau Yin To*, 700 F. App'x at 68-69. This includes the issue of whether shareholders have standing to sue directly or derivatively, as well as all other

issues concerning the relationship between shareholders and directors.  *See In re BP p.l.c. Derivative Litig.*, 507 F. Supp. 2d 302, 307 (S.D.N.Y. 2007) ("New York's choice of law rules provide different choice of law doctrines depending on the nature of the claim—i.e. torts or contracts. Generally, New York law requires that claims related to corporate affairs—i.e., issues involving the rights and liabilities of a corporation—are governed by the internal affairs doctrine."); *see also, e.g.*, *In re MF Global Holdings Ltd. In. Litig.*, 998 F. Supp. 2d 157, 179-80 (S.D.N.Y. 2014) (applying the internal affairs doctrine to determine the law governing the breach of fiduciary duty).

Wells Fargo also challenges the Court's holding that Wells Fargo is judicially estopped from adopting the position that Curaçao or BVI law applies to Plaintiffs' claims and prevents Plaintiffs from pursuing their claims derivatively after previously taking a contrary position. Wells Fargo states that it "has consistently maintained that New York or Delaware law governs the merits of the two remaining *claims*" but that a "plaintiff-shareholder's *right to assert* those claims for his corporation is governed by the internal affairs doctrine, and that the doctrine requires application of the law of incorporation."  (ECF No. 1178 at 3-4 (emphasis in original).) This is not so.  Wells Fargo previously took the position that "New York [or] Delaware law" applied to Plaintiffs' claims, pursuant to which "Plaintiffs' state law claims [could] *only be asserted derivatively*."  (ECF No. 993 at 15 n.10 (emphasis added).)  As the Court explained in its Opinion, Plaintiffs chose not to rebut Wells Fargo's argument, and the Court treated Plaintiffs' claims against Wells Fargo as purely derivative.

Finally, Wells Fargo seeks clarification as to the scope of the Court's decision on Wells Fargo's standing defense.  Insofar as the Opinion granted Plaintiffs' affirmative motion to strike Wells Fargo's standing defense, that portion of the Court's Opinion was in error and is hereby

reconsidered, as Plaintiffs' affirmative motion to strike on those grounds was improper. (*See* ECF No. 1014; ECF No. 1168 at 15-16.) Wells Fargo's early summary judgment motion was limited to whether Plaintiffs lacked standing to assert their two claims against Wells Fargo derivatively under foreign law. Wells Fargo retains the right to challenge derivative standing under the law of New York or Delaware, and all Defendants retain the right to raise arguments as to the choice of law applicable to the breach of fiduciary duty Plaintiffs asserted against Smith and Marcum, including Plaintiffs' derivative standing to assert those claims.

### B. Statute of Limitations

At the motion to dismiss stage, this Court recognized that a six-year statutory period applied to Plaintiffs' derivative claims against Smith and Marcum pursuant to N.Y. C.P.L.R. § 213(7), which is specific to derivative claims. (Opinion at 4.) Then, in the Opinion, the Court held that Plaintiffs' aiding and abetting claim benefitted from the same statute of limitations period applicable to the underlying tort. (*Id.*)

Wells Fargo argues that in light of the Court's discussion of the internal affairs doctrine, the Court should find that the doctrine applies to Plaintiffs' claims against Smith and Marcum as they are directors or officers of Lifetrade. And, according to Wells Fargo, because those claims are governed by Curaçao or BVI law, under which Plaintiffs lack derivative standing, N.Y. C.P.L.R. § 213(7) would no longer apply. Wells Fargo contends that if Plaintiffs' breach of fiduciary duty claim against Smith and Marcum can only proceed directly, Plaintiffs' aiding and abetting claim against Wells Fargo will also be subject to N.Y. C.P.L.R. § 214(4), which the Court recognized applies to Plaintiffs' direct breach of fiduciary duty claims. Wells Fargo retains the right to advance this argument.

Wells Fargo also retains the right to make timeliness arguments on the aiding and abetting claim under the six-year limitations period. Furthermore, Wells Fargo retains the right to raise any arguments related to the timeliness of the unconscionability claim.

### III. Conclusion

For the foregoing reasons, Wells Fargo' motion for reconsideration and clarification is granted in part and denied in part, as set forth above.

The Clerk of Court is directed to close the motion at ECF No. 1167.

SO ORDERED.

Dated: April 30, 2024
       New York, New York

                                                J. PAUL OETKEN
                                                United States District Judge