UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LIFETRADE LITIGATION

17-CV-2987 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On February 24, 2025, Plaintiffs requested that the Court dismiss their remaining claims against the Estate of Roy G. Smith without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 1285 ("Mot.").) Plaintiffs argue that this would facilitate parallel proceedings in Georgia probate court and would allow them to immediately appeal this Court's entry of summary judgment dismissing their claims against Wells Fargo. (*Id.* at 1-2).

As of right, a plaintiff may voluntarily dismiss an action without prejudice before responsive pleadings are served or with the consent of all parties. Fed. R. Civ. P. 41(a)(1). Otherwise, voluntarily dismissal may only be "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "It is within the district court's sound discretion to deny a Rule 41(a)(2) motion to dismiss." *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001). "Generally, however, a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" *Id.* (quoting *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir.1985)). "The Second Circuit has identified five factors relevant to considering whether a motion for voluntary dismissal without prejudice should be granted." *Stinson v. City Univ. of N.Y.*, No. 18-CV-5963, 2020 WL 2133368, at *2 (S.D.N.Y. May 4, 2020) (quoting *Am. Fed'n of State, Cty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12-CV-2237, 2013 WL 2391713, at *2 (S.D.N.Y. June 3, 2013)). These include

"(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).[1]

Here, the above factors counsel denying Plaintiffs' request. First, Plaintiffs' explanation is inadequate. Plaintiffs raise two benefits of dismissal without prejudice: that "the technical pendency of the claim against the Estate eliminates the finality necessary to permit an appeal of right," and that "Plaintiffs' intent . . . [is] to seek to recover what it [can] in Georgia." (Mot. at 1.) But Plaintiffs are incorrect that dismissal without prejudice would allow them to appeal this Court's summary judgment ruling as of right—"immediate appeal is unavailable to a plaintiff who seeks review of an adverse decision on some of its claims by voluntarily dismissing the others *without prejudice*," *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005). "Because a dismissal without prejudice does not preclude another action on the same claims, a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal. Such a ploy cannot be tolerated . . . because it would work an end-run around the final judgment rule, in

---

[1] The Second Circuit has developed a parallel line of authority directing courts to consider "whether the 'the defendant would suffer some plain legal prejudice' as a result of the dismissal 'other than the mere prospect of a second lawsuit.'" *Benitez v. Hitachi Metals Am., Ltd.*, No. 11-CV-6816, 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012) (quoting *Kwan*, 634 F.3d at 230). This approach is preferred "where a dismissal without prejudice conditions future litigation on a defendant's actions." *Kwan*, 634 F.3d at 230; *see also Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) ("[W]here no possibility of relitigation at the instance solely of the plaintiff exists, the *Zagano* factors have little, if any, relevance.") Plaintiffs proposed stipulation not to file entirely new lawsuits still allows them to pursue future litigation in this matter in the already-extant Georgia proceedings. (*Cf.* ECF No. 1290 at 1.) Because Plaintiffs do not propose conditioning future litigation on action by Defendants, the Court applies the *Zagano* factors.

violation of the long-recognized federal policy against piecemeal appeals." *Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369, 379 (2d Cir. 2023) (cleaned up).  Plaintiffs also provide no explanation as to why dismissal here is necessary for them to proceed in Georgia.  Nor do Plaintiffs provide any detail about the current progress of the Georgia probate proceedings, raising the prospect of duplicative discovery and motion practice should Plaintiffs be allowed to pursue their claims there.  It is also unclear why proceeding in Georgia would be any less expensive or why doing so would help preserve the Estate's remaining assets.  (*Cf.* Mot. at 1.)

Second, this suit is nearly eight years old, has progressed past summary judgment, and has, as Plaintiffs admit (*id.*), featured considerable expenditure of resources by all parties.  "The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance."  *Shaw Fam. Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05-CV-3939, 2008 WL 4127549, at *7 (S.D.N.Y. Sept. 2, 2008) (quotation marks omitted); *see also Pfizer*, 2013 WL 2391713, at *4 ("[C]ourts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate." (quoting *Baldanzi v. WFC Holdings Corp.*, No. 07-CV-9551, 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010))).  "Courts will deny permission to dismiss without prejudice in situations 'where substantial discovery, summary judgment motion practice, or trial preparation has occurred.'"  *Shim-Larkin v. City of New York*, No. 16-CV-6099, 2019 WL 4688703, at *3 (S.D.N.Y. Sept. 25, 2019) (quoting  *Paulino v. Taylor*, 320 F.R.D. 107, 111 (S.D.N.Y. 2017)); *see also George v. Pro. Disbosables Int'l, Inc.*, No. 15-CV-3385, 2017 WL 1740395, at *3 (S.D.N.Y. May 2, 2017) (denying dismissal in part due to the fact that "costly" discovery had taken place and a summary judgment motion had been filed).  Here, substantial discovery has been completed, including

3

depositions, and summary judgment motions have not only been filed, but have been resolved in Defendants' favor.

For largely the same reasons, the "duplicative expense of relitigation" also weighs against dismissal. *See George*, 2017 WL 1740395, at *3; *Shim-Larkin*, 2019 WL 4688703, at *3. Although Plaintiffs note that they have already filed an analogous claim in Georgia (ECF No. 1290 at 1), proceeding there would likely require resolving the same arguments and evaluating the same evidence that has been raised in this forum. While Plaintiffs do propose a stipulation that they not initiate any new action against the Estate or revive the present action once dismissed (*id.*), even the already-filed Georgia action poses a risk of duplicative expenses.

Finally, while there is no clear evidence of bad faith, vexatiousness, or a lack of diligence on Plaintiffs' part, there is nonetheless a sufficient risk of prejudice to Defendants for the reasons addressed above. *Cf. Carter v. City of New York*, No. 19-CV-5372, 2021 WL 1999419, at *2-3 (S.D.N.Y. May 19, 2021) (dismissing with prejudice despite minimal delay and no showing of vexatiousness). These factors alone do not tip the balance in Plaintiffs' favor.

Thus, the Court declines to dismiss Plaintiffs' remaining claims without prejudice at this time. However, "fundamental fairness" requires giving Plaintiffs the opportunity to withdraw their Rule 41(a)(2) motion before the Court grants dismissal with prejudice. *See Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018). Therefore, within 14 days of the entry of this order, Plaintiffs shall file a letter indicating whether they intend to continue with their claims in this action. Should Plaintiffs reach an agreement with Defendants to dismiss without prejudice subject to a set of mutually acceptable conditions, the parties may instead file a joint letter specifying any such proposed conditions.

Plaintiff's renewed motion for voluntary dismissal of claims against the Smith Estate without prejudice is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 1285.

SO ORDERED.

Dated: May 6, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

5